**In re: ELONEX PHASE II POWER MANAGEMENT LITIGATION**

Nos. Civ.A. 01–082GMS, Civ.A. 01–083GMS, Civ.A. 01–084GMS, Civ.A. 01–085GMS, Civ.A. 01–086GMS, Civ.A. 01–087GMS, Civ.A. 01–088GMS, Civ.A. 01–089GMS, Civ.A. 01–090GMS, Civ.A. 01–091GMS, Civ.A. 01–092GMS, Civ.A. 01–093GMS, Civ.A. 01–094GMS, Civ.A. 01–095GMS, Civ.A. 01–096GMS, Civ.A. 01–097GMS, Civ.A. 01–098GMS, Civ.A. 01–099GMS, Civ.A. 01–100GMS, Civ.A. 01–101GMS, Civ.A. 01–102GMS, Civ.A. 01–103GMS, Civ.A. 01–104GMS.

United States District Court,
D. Delaware.

Aug. 28, 2003.

Julia Heaney, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for Plaintiffs.

Richard K. Herrmann, Blank Rome, LLP, Richard L. Horwitz, Potter, Anderson & Corroon, LLP, John T. Meli, Jr., Fish & Richardson, P.C., Robert W. Whetzel, Richards, Layton & Finger, Josy W. Ingersoll, John W. Shaw, Young, Conaway, Stargatt & Taylor, David L. Finger, David L. Finger, Esq., Rudolf E. Hutz, Gerard M. O'Rourke, Connolly, Bove, Lodge & Hutz, Wilmington, DE, John C. Andrade, Basil C. Kollias, Parkowski & Guerke, P.A., Dover, DE, Donald W. Huntley, Donald W. Huntley, Esq., Frederick L. Cottrell, III, Richards, Layton & Finger, Wilmington, DE, for Defendants.

Andre G. Bouchard, Bouchard, Margules & Friedlander, Donald F. Parsons, Jr., Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for Plaintiffs/Counter-defendants.

William J. Wade, Richards, Layton & Finger, James C. Strum, Stradley, Ronon, Stevens & Young, Richard H. Morse, Young, Conaway, Stargatt & Taylor, Wilmington, DE, Steven J. Balick, Ashby & Geddes, Allen M. Terrell, Jr., Dominick T. Gattuso, Richards, Layton & Finger, Richard D. Kirk, Morris, James, Hitchens & Williams, Wilmington, DE, for Defendants/Counter-claimant.

### MEMORANDUM AND ORDER

SLEET, District Judge.

## I. INTRODUCTION

On February 13, 2001, the plaintiffs, Elonex I.P. Holdings, Ltd. and EIP Licensing, B.V. (collectively "Elonex"), filed this action against certain companies that manufacture and sell computer systems or computer monitors. Following the defendant Jean Co. Ltd.'s ("Jean") default, and a hearing on default judgment, the court entered judgment against Jean on July 8, 2003. Presently before the court is Jean's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. For the following reasons, the court will deny this motion.

## II. DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure states, in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; . . .

(3) fraud . . ., misrepresentation, or other misconduct of an adverse party;

(4) the judgement is void; [or]

(5) the judgment has been satisfied, released or discharged . . . . .

 Under Third Circuit precedent, the court has jurisdiction to entertain and deny Jean's motion notwithstanding Jean's filing of a notice of appeal.[1] *See United States v. Contents of Accounts Nos. 3034504504 and 144–07143,* 971 F.2d 974, 988 (3d Cir.1992). The court does not, however, have the power to grant the motion unless the Federal Circuit remands the case. *See id.* Finally, a "motion brought pursuant to Rule 60 is addressed to the sound discretion of the [c]ourt and is reviewable on appeal only for abuse of discretion." *Boughner v. Secretary of Health, Education and Welfare,* 572 F.2d 976, 977 (3d Cir.1978).

In the present case, Jean makes essentially three arguments in support of its Rule 60(b) motion. First, it claims that it misunderstood the scope of the May 26, 2003 hearing and, as a result, failed to introduce any evidence in its defense during the hearing. Second, it maintains that Elonex committed misconduct by reducing the amount of damages it was seeking at the hearing. Finally, Jean contends that the judgment against it is void because the damages award was excessive. The court will now address each of these arguments.

### A. Jean's Failure to Introduce Evidence

 As the court noted above, Jean first argues that it "was not fully aware of the

---

**1.** As a purely procedural matter, the Federal Circuit would apply Third Circuit case law to Jean's Rule 60(b) motion. *See Marquip, Inc. v. Fosber America, Inc.,* 198 F.3d 1363, 1369 (Fed.Cir.2000).

nature" of the June 18 default judgment hearing and that this constitutes "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b). Specifically, Jean's counsel asserts that:

counsel for the defendant assumed, incorrectly, that ... the hearing on June 18 was to be procedural in nature, for example to determine the need and extent of discovery pertinent to damages pursuant to the defendant's request.

D.I. 897 at 2. Regardless of Jean's erroneous assumptions, however, the court's May 16, 2003 Order was clear on its face. The court scheduled the June 18 hearing to "decide the Motion[ ] for Default Judgment." It is beyond comprehension how the court could have made its intention to decide the motion clearer. Furthermore, although Jean states that it assumed the hearing had been set to determine the merits of its discovery requests, this argument is disingenuous at best because Jean did not file any discovery requests until one month after the June 18, 2003 hearing had already been set. Thus, it is beyond doubt that Jean's counsel could not have reasonably assumed that the court had its June 17, 2003 discovery dispute in mind when the court issued its May 16, 2003 Order. Finally, at no point during the hearing did Jean's counsel suggest he had not understood the court's scheduling order, nor did he request a continuance as a result of his apparent confusion. Accordingly, the court must find that Jean's voluntary decision to appear at the default judgment hearing without any evidence or testimony in its defense is not excusable neglect under Rule 60(b)(1).

### B. Misconduct

 Jean next claims that Elonex engaged in misconduct under Rule 60(b)(3) when it deducted licensed ViewSonic monitors from its damages calculation. However, "[t]o prevail [on a motion under Rule 60(b)(3) ], the movant must establish that the adverse party engaged in fraud or misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir.1983). The record in the present case is devoid of any indication that Elonex engaged in fraud or misconduct, or that Jean was prevented from fully and fairly presenting its case.

It is indisputably Jean's burden to allege and prove the affirmative defense that a portion of its infringing monitors are licensed under the patents in suit. However, because Jean had not entered an appearance, and thus had provided no discovery, at the time that Elonex filed its motion for a default judgment, Elonex was forced to derive Jean's U.S. monitor sales from its annual sales reports. Jean did not respond to the motion for default judgment when it was due, and it did not make any attempt to rebut the calculations made by Elonex's expert. Nor did Jean provide any evidence as to how many of the units in question might be licensed. Given its own procedural defaults and misconduct during these proceedings, Jean is hardly in a position to now call into question Elonex's numbers, particularly when Elonex revised the numbers *downward* during the default judgment hearing.

### C. Damages

 Finally, Jean argues that the judgment against it is void under Rule 60(b)(4) for two reasons. First, it maintains that Elonex claimed damages for Jean monitors sold in 1995, "five years before the first notice of record to Jean." D.I. 897 at 6. This argument must fail, however, because the scope of allowable damages under 35 U.S.C. § 287(a) has no bearing on whether the judgment is void. Indeed, while such an argument would have been appropriate

at an earlier stage of this litigation, it is manifestly clear that it is now untimely.

Second, Jean contends that the damage award is excessive and that discovery is thus warranted. It supports this claim by supplying a declaration from Jean's President, Robert Wen, and a damages expert report. Once again, however, Jean's argument and evidence is a day late and a dollar short. While Jean plainly disagrees with Elonex's damages calculation, the time to voice that concern and offer evidence in support thereof was at the June 18, 2003 hearing, or indeed, before such a hearing became necessary. As Jean decided not to act in a timely fashion, the judgment was appropriately based on the unrebutted record evidence available to the court on the day it entered judgment in Elonex's favor.

Moreover, although the court has already denied Jean's untimely request for discovery, Jean again complains that it would be a "manifest denial of due process to refuse defendant[ ] discovery." D.I. 897 at 5. However, the court initially denied Jean's request on the grounds that Jean had demonstrated bad faith throughout the litigation. Tr. At 59:1–2. Nor does Jean now cite to any authority for the proposition that it is entitled to any discovery whatsoever at this late date. Had Jean deigned to participate in the legal process during the numerous opportunities presented to it, perhaps the court would view its discovery request as something other than the bad faith attempt to derail this litigation that it now appears to be. Jean and its counsel chose to take an unwise gamble with the court's valuable time and resources, and they have lost that gamble. Thus, the court concludes that the failure of Jean's tactical decisions is simply an insufficient ground upon which to find the judgment against it void.

### D. Attorneys' Fees

As a result of Jean's facially meritless Rule 60(b) motion, Elonex now seeks to recover the attorneys' fees it expended in responding to the motion. For the following reasons, the court will grant Elonex such fees.

■ It is inherent in the court's discretionary power to award attorneys' fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). Furthermore, under 28 U.S.C. § 1927:

> [a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

■ In the present case, the court made clear to Jean during the June 18, 2003 hearing that Jean had not, in the court's view, demonstrated good faith in this action. *See* Tr. At 58:10–12. Jean's counsel's decision to file the present Rule 60(b) motion on grounds which were either expressly rejected during the June 18, 2003 hearing, or which should have been otherwise timely litigated, is clearly another example of continuing bad faith. Therefore, the court will require Jean, and its attorney, to jointly and severally pay Elonex the attorneys' fees that it expended in responding to this motion.

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Jean's Motion for Relief from Judgment (D.I.897) is DENIED;

2. Elonex's request for attorneys' fees is GRANTED; and

3. Elonex shall file a fee petition and supporting documentation within thirty (30) days of the date of this order.