

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-10-2008

# Santiago v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4017

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Santiago v. Nash" (2008). *2008 Decisions.* Paper 1467.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1467

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-82                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4017
_____

NERY SANTIAGO,
                                        Appellant

v.

JOHN NASH, Warden

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 05-cv-04552)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 13, 2007

Before: MCKEE, RENDELL and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 10, 2008)
_____

OPINION
_____

PER CURIAM

        Nery Santiago appeals from the District Court's denial of his motion under

Fed. R. Civ. P. 60(b).    On September 14, 2005, Santiago filed a habeas petition pursuant

to 28 U.S.C. § 2241, challenging the prison's disciplinary proceedings and sanctions

imposed against him for having a "tattoo gun needle" taped to his bed. Santiago alleged that the needle was not his, because he had no knowledge of it; that it could have belonged to one of the other eleven inmates sharing the room; and that the reporting officer deliberately misrepresented the discovered needle as "contraband" in order to punish him. The District Court denied Santiago's petition, finding that the prison violated none of his procedural due process rights and that it had sufficient evidence to sanction him. Santiago appealed the District Court's denial of his petition, but, on March 22, 2007, we affirmed.

Subsequently, Santiago filed with the District Court a motion under Rule 60(b), claiming that prison officials committed fraud in the disciplinary proceedings, because they failed to disclose that the needle found on his bed was actually a needle from a sewing kit sold in the prison commissary. The District Court denied the motion, because it failed to establish extraordinary circumstances warranting relief under the rule. Specifically, the District Court found neither evidence of fraud, nor of misconduct on the part of the reporting officer, who had inadvertently discovered the needle while doing a routine search of his cell. The District Court concluded that Santiago was inappropriately seeking to relitigate his § 2241 claims through the Rule 60(b) motion.

Santiago now appeals the District Court's denial of his motion, and the Appellee has filed a motion for summary affirmance. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the District Court's denial of Santiago's Rule 60(b) motion

2

for abuse of discretion. <u>Reform Party of Allegheny County v. Allegheny County Dep't of Elections</u>, 174 F.3d 305, 311 (3d. Cir. 1999).

Under Rule 60(b), a party may be relieved from a final judgment or order where an adverse party committed fraud, misrepresentation, or other misconduct that prevented the litigant from fully and fairly presenting his case. Rule 60(b)(3); <u>Stridiron v. Stridiron</u>, 698 F.2d 205, 207 (1983). A movant under Rule 60(b) bears a heavy burden, requiring "more than a showing of the potential significance of the new evidence." <u>Bohus v. Beloff</u>, 950 F.2d 919, 929 (3d Cir. 1991)(citation omitted). These motions are only granted where extraordinary justifying circumstances are present. <u>Id.</u>

We agree with the District Court that Santiago does not meet his heavy burden of proving that the prison's alleged concealment amounts to fraud or misconduct. Because this appeal presents no substantial question, we will grant the Appellee's motion for summary affirmance. <u>See</u> Third Cir. LAR 27.4 and I.O.P. 10.6.