

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2008

# Pray v. Dept of Justice

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5462

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Pray v. Dept of Justice" (2008). *2008 Decisions.* Paper 734.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/734

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5462

WAYNE PRAY,
                    Appellant

v.

DEPARTMENT OF JUSTICE

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 00-cv-00402
(Honorable John W. Bissell)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 5, 2008

Before:  SCIRICA, *Chief Judge*, BARRY and HARDIMAN, *Circuit Judges*.

(Filed: August 4, 2008)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Wayne Pray appeals the denial of his Fed. R. Civ. P. 60(b)(3) motion for relief

from an order denying his petition for writ of mandamus.  We will affirm.

I.

In 1989, Wayne Pray was convicted of multiple narcotics offenses and sentenced to life imprisonment.[1] Pray pursued a series of unsuccessful direct[2] and collateral[3] attacks on his conviction and sentence. In January of 2000, Pray filed a petition for writ of mandamus under 28 U.S.C. § 1361. He sought to compel the Government to issue a notice under 18 U.S.C. § 2518(8)(d) informing him he was the subject of a federal wiretap under the Omnibus Crime Control and Safe Streets Act of 1968 (Title III), 18 U.S.C. §§ 2510-2522. The District Court denied his petition and this court affirmed.[4] Pray then filed a pro se Fed. R. Civ. P. 60(b)(3) motion for relief from the District Court's order denying his petition for writ of mandamus. In August 2005, the District Court denied Pray's Rule 60(b)(3) motion. Pray now appeals the denial of this motion.[5]

---

[1] We affirmed Pray's conviction and sentence. *United States v. Pray*, 975 F.2d 1552 (3d Cir. 1992).

[2] In 1993, Pray filed a motion for reduction of his sentence, which the District Court denied. In 2005, Pray filed a motion to correct for error in sentencing under Fed. R. Crim. P. 35(a), which the District Court also denied.

[3] In 1997, Pray filed a petition to vacate his sentence under 28 U.S.C. § 2255. The District Court denied the motion and declined to issue a certificate of appealability on remand. We denied Pray's request for en banc review and his motion to recall the mandate in that proceeding. In 2001, we denied Pray's requested authorization to file a successive 28 U.S.C. § 2255 motion.

[4] Concurrent with his appeal, Pray filed an untimely motion for reconsideration under Local Civil Rule 7.1(g), which the District Court denied.

[5] The District Court had jurisdiction under 28 U.S.C. § 1361. We have jurisdiction under 28 U.S.C. § 1291.

## II.

### A.

We review the denial of Rule 60(b) relief for abuse of discretion. *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 269 (3d Cir. 2002). Abuse of discretion may result from "an errant conclusion of law, an improper application of law to fact, or a clearly erroneous finding of fact." *McDowell v. Phila. Hous. Auth.*, 423 F.3d 233, 238 (3d Cir. 2005). Rule 60(b)(3) allows the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . fraud, . . . misrepresentation, or other misconduct of an adverse party." The movant must show "the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983).

### B.

Pray contends the Government engaged in a pattern of misrepresentation and fraud on the District Court by concealing evidence of a federal wiretap and by generating fraudulent documents. The Government provides affidavits from Assistant United States Attorneys and federal agents involved in Pray's case, disclaiming knowledge of any wiretap undertaken or applied for by the federal government. Additionally, the Government provides affidavits stating Pray was not listed as the subject of a wiretap in any index maintained by the Drug Enforcement Agency, the Federal Bureau of

Investigation, the Customs Service, or the Bureau of Alcohol Tobacco, Firearms and Explosives.

Pray contrasts the Government's sworn statements with records he obtained primarily through Freedom of Information Act requests under 5 U.S.C. § 552. These records reference: (1) consensual wiretaps excluded from Title III's notice provisions under 18 U.S.C. § 2511(2)(c), (2) a wiretap undertaken by New Jersey's Hudson County Prosecutor's Office about which Pray had notice, and (3) the contemplation of a Title III wiretap by federal agencies. Pray concludes these records show the federal government conducted or applied for a Title III wiretap. Because Pray's conclusions conflict with the Government's affidavits, he argues the Government deliberately concealed the wiretap through a pattern of fraud and misrepresentation directed at the District Court. Moreover, he contends this fraud and misrepresentation inhibited his ability to fully and fairly present his petition for writ of mandamus and his 28 U.S.C. § 2255 habeas corpus petition.

In the District Court, Pray did not argue the alleged fraud affected his ability to fully and fairly present his habeas corpus petition. "'As a general rule, we do not consider on appeal issues that were not raised before the district court.' This rule, however, 'is one of discretion rather than jurisdiction, and in the past we have heard issues not raised in the district court when prompted by exceptional circumstances,' or 'whenever the public interest or justice so warrants.'" *Appalachian States Low-Level*

4

*Radioactive Waste Comm'n v. Peña*, 126 F.3d 193, 196 (3d Cir. 1997) (citations omitted). Because Pray's motion was filed pro se, and "a prisoner's pro se complaint is held to a less stringent standard than formal pleadings drafted by lawyers," *United States ex. rel. Walker v. Fayette County*, 599 F.2d 573, 575 (3d Cir. 1979), we will consider this argument.

## C.

Pray's motion fails with respect to both the denied petition for writ of mandamus and the denied habeas corpus petition because he fails to show fraud and misrepresentation on the court. As the District Court noted the materials Pray uncovers create at best an unlikely inference the Government may have conducted a Title III wiretap. In our view, Pray's arguments are nothing more than speculation. Pray's contentions fail because he provides no affirmative evidence a Title III wiretap was actually sought or conducted. Accordingly, the District Court did not abuse its discretion in finding Pray failed to show fraud, deception, or misconduct under Rule 60(b)(3).

Pray also fails to demonstrate the alleged fraud or misconduct prevented him from fully and fairly presenting his petitions for writ of mandamus and habeas corpus. As the District Court noted on two separate occasions, the writ of mandamus was obviated because other legal avenues were available to Pray to obtain the information he sought.[6]

---

[6]The District Court noted Freedom of Information Act requests are still pending and civil relief may be available for Pray under 18 U.S.C. § 2520.

5

Accordingly, the District Court did not abuse its discretion in denying the Rule 60(b)(3) motion for relief from denial of the petition for writ of mandamus. Finally, with reference to Pray's assertion that the contended activities prevented him from fully and fairly presenting his habeas corpus petition, Pray presents no evidence that the alleged cover-up of a Title III wire-tap affected those proceedings.

III.

For the foregoing reasons, we will affirm the order of the District Court.