GLD-250                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1472
_____

VINCENT DUTKEVITCH; SHARON DUTKEVITCH,
Appellants

v.

PA CYBER CHARTER SCHOOL; CEO NICK TROMBETTA;
PA STATE DEPARTMENT OF EDUCATION; REBECCA MANNING,
Director of Special Education; GERALD ZAHORCHAK; PA
SECRETARY EDUCATION; DIRECTOR SPECIAL EDUCATION,
in their official and individual capacities; WEST SIDE AREA
VO-TECH SCHOOL; PITTSTON AREA SCHOOL DISTRICT;
ELIZABETH JANE ELLIS, Administrative Director in her
official and individual capacities
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-cv-01672)
District Judge:  Honorable Alan N. Bloch
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 9, 2012

Before:  FUENTES, GREENAWAY, JR. and BARRY, Circuit Judges

(Opinion filed: August 17, 2012)
_____

OPINION
_____

PER CURIAM

Pro se Appellants Vincent Dutkevitch and Sharon Dutkevitch appeal from the order of the United States District Court for the Middle District of Pennsylvania denying their post-judgment motion to vacate and motion for sanctions. We will affirm.

Because we write primarily for the parties, we present only a brief background summary. The Dutkevitches initiated their civil action in September 2007, alleging that the Defendants discriminated against Vincent on the basis of his disability. At that time, Vincent Dutkevitch was a minor. His mother, Sharon Dutkevitch, brought suit individually and on Vincent's behalf; Vincent reached the age of majority while the case was pending, in July 2008. The matter ultimately proceeded to disposition by a Magistrate Judge, under 28 U.S.C. § 636(c), on their third amended complaint against Defendants West Side Area Vocational Technical School and Pittston Area School District. The Defendants filed a motion to dismiss, and the Magistrate Judge dismissed the claims in April 2009. We affirmed the judgment on July 21, 2011 (C.A. No. 09-2393).

Several days later, the Dutkevitches returned to the District Court and filed a motion to vacate the judgment and a motion for sanctions. On January 12, 2012, the District Court construed the motion as requesting relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and denied both of the Dutkevitches' motions.

The Dutkevitches filed a notice of appeal, along with a brief containing arguments in support of their appeal. The parties were advised that the appeal would be submitted

2

for possible summary action. In response, counsel on behalf of Appellees Pittston Area School District and West Side Area Vocational Technical School filed a motion to quash the appeal containing a request that we summarily affirm the District Court's order or, in the alternative, grant their motion to quash.

Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented. We may affirm a result reached by the District Court for any reason as long as the record supports the judgment. See Guthrie v. Lady Jane Collieries, Inc., 722 F.2d 1141, 1145 n.1 (3d Cir. 1983).

The Dutkevitches' position on appeal, as expressed in their brief, is based on the premise that Vincent Dutkevitch was not added as a party to the lawsuit when he reached the age of majority, and that he never consented as an adult to the section 636(c) jurisdiction of the Magistrate Judge to decide the case. As presented in Vincent Dutkevitch's declaration filed in District Court, the Dutkevitches claim that Vincent, now an adult, is not subject to the judgment because the judgment pertains to Vincent as a minor, a party who no longer exists today. In support of their motion to vacate, the Dutkevitches asserted that Vincent was unrepresented by counsel, both as a minor and as an adult. Thus, the Dutkevitches argue that, given the absence of Vincent's adult consent to the Magistrate Judge's jurisdiction, the judgment is void as to both Vincent and his mother, Sharon.

Upon careful consideration, we agree with the District Court's assessment that the Dutkevitches' assertions are not supported by the record and that relief from the judgment is not warranted. Rule 60(b)(4) provides for reopening of a judgment if the judgment is void. The District Court did not address Rule 60(b)(4) in particular, but its analysis of the circumstances is applicable to the extent that the Dutkevitches contend that the Magistrate Judge lacked jurisdiction to enter the judgment. The record reflects that the Dutkevitches were represented by counsel in District Court as of August 2008, when Vincent was already an adult. Counsel executed the consent to the Magistrate Judge's jurisdiction in September 2008 on behalf of both adult plaintiffs, as their representative. Further, in October 2008, counsel filed an amended complaint on behalf of both Vincent and Sharon, specifically identifying Vincent as a plaintiff in the action as an adult individual, and the matter proceeded on that amended complaint. The Dutkevitches do not provide any support for the asserted principle that when a minor becomes an adult during litigation, the minor ceases to exist as a party and must be re-added to the lawsuit as an adult party, and we have found none.[1]

The District Court also addressed the Dutkevitches' allegations that the Defendants engaged in fraud by presenting contrary representations of the facts, to the extent that the Dutkevitches relied on Rule 60(b)(3) in their motion to vacate the

---

[1] The Dutkevitches also asserted in their motion to vacate that Vincent was not an adult party to the appeal from the judgment in C.A. No. 09-2393. However, Vincent filed his notice of appeal as an adult. We add that the Dutkevitches were represented by pro bono counsel on appeal.

judgment.  We agree with the District Court's analysis on this point.  The Dutkevitches have not shown, as they must to merit relief under Rule 60(b)(3), how the alleged fraud prevented them from  fully and fairly presenting their case.  See Stridiron v. Stridiron, 698 F.2d 204, 206-07 (3d Cir. 1983).

In sum, we discern no error in the District Court's denial of the Dutkevitches' motion to vacate the underlying judgment.  To the extent that the Dutkevitches appeal from the denial of their sanctions motion, we note that they did not present any related argument in their brief.  In any event, we agree with the District Court that the Dutkevitches did not show that the Defendants' presentations of the facts amounted to conduct warranting sanctions.

We will affirm the District Court's judgment.  The motion to quash the appeal filed by Appellees Pittston Area School District and West Side Area Vocational Technical School is denied as unnecessary.