**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2641
_____

CHRIS ANN JAYE,
                                        Appellant

v.

ATTORNEY GENERAL NEW JERSEY;
DEPUTY ATTORNEY GENERAL IONE K. CURVA, in her Official Capacity;
THE HON. PETER A. BUCHSBAUM, individually and in his
Official Capacity as Judge of the Law Division of Hunterdon County;
THE HON. YOLANDA CICCONE, individually and in her
Official Capacity of Assignment Judge Law Judge of the
Superior Court of Hunterdon, Somerset and Warren;
THE HON. MARY C. JACOBSON, in her Official Capacity as
Assignment Judge and Presiding Judge in the Law Division of the
Superior Court of Mercer County;
HON. PATRICK MCMANIMON, in his Official Capacity as
Special Civil Part Judge of the Superior Court of Mercer County;
CHRISTOPHER KOOS, in his Official Capacity as Civil Division Team Leader
for the Superior Court of Mercer County;
JUDITH IRIZZARI, in her Official Capacity as
Civil Division Manager for the Superior Court of Mercer County;
CAROLINE RECORD, individually and in her Official Capacity as
NJ Supreme Court's Secretary for the Office of Attorney Ethics;
JOHN DOES 1-25 (FICTITIOUS NAMES), individually and
in their official capacities as State actors,
including but not limited to the NJ Judgment Processing Service Defendants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:14-cv-07471)
District Judge:  Honorable Michael A. Shipp
_____

PER CURIAM

Chris Ann Jaye, proceeding pro se, appeals from orders of the United States District Court for the District of New Jersey dismissing her civil rights action and her post-judgment motion for reconsideration. For the reasons that follow, we will affirm.

Jaye filed a complaint pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, which she later amended in response to an order directing her to comply with Federal Rule of Civil Procedure 8(a), alleging that various New Jersey state court judges, state court staff, and the New Jersey Attorney General and Deputy Attorney General violated her rights in connection with several state court cases. Those cases involve an ongoing dispute between Jaye and her condominium association regarding unpaid condominium fees. Defendants filed a motion to dismiss. The District Court dismissed the second amended complaint, determining that it still failed to comply with the requirements of Rule 8(a) and that, in any event, Jaye's claims were subject to dismissal for lack of subject matter jurisdiction pursuant to the <u>Rooker</u>-<u>Feldman</u> doctrine. The

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

District Court's order also "terminated" various other motions that Jaye had filed in the case, including motions to stay the state court proceedings. Jaye timely appealed. She also filed a "Motion to Vacate," which the District Court denied. Jaye filed another notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the dismissal of the complaint is de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); cf. Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006) (exercising plenary review over district court's invocation of the Rooker-Feldman doctrine). We review for abuse of discretion the District Court's order denying Jaye's motion for reconsideration. See Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011). We may affirm on any basis supported by the record. See Fairview Twp. v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

The Rooker-Feldman doctrine deprives a District Court of jurisdiction to review, in some circumstances, a state court adjudication.[1] See Turner, 449 F.3d at 547. In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005), the Supreme Court emphasized the narrow scope of the Rooker-Feldman doctrine, holding that it "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." It is difficult to fully determine the status of all of Jaye's state court cases, as she has filed

---

[1] The doctrine is derived from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

several different lawsuits concerning her condominium fees. But at least some of her claims seek relief for injuries caused by judgments that were entered against her before she commenced the underlying action. To the extent that is the case, the District Court correctly determined that those claims are barred by the Rooker-Feldman doctrine. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010) (stating that the Rooker-Feldman doctrine deprives lower federal courts of jurisdiction over suits that are essentially appeals from state-court judgments).

To the extent, however, that Jaye's claims stem from rulings in matters that are ongoing in state court, those claims are not barred under the Rooker-Feldman doctrine. Nevertheless, they are subject to dismissal on other grounds.[2] In particular, the New Jersey Attorney General and Deputy Attorney General are immune from suit for money damages under the Eleventh Amendment. See Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002) ("[T]he Eleventh Amendment … has been interpreted to render states—and, by extension, state agencies and departments and officials when the state is the real party in interest—generally immune from suit by

---

[2] Jaye sought to stay any ongoing state court proceedings, but the District Court properly denied this request. The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. These exceptions do not apply here. Only the "necessary in aid of its jurisdiction" exception is even remotely relevant to this action and, as we have explained, it applies only when the state court proceedings "so interfere with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility to decide that case." 1975 Salaried Ret. Plan for Eligible Emps. of Crucible, Inc. v. Nobers, 968 F.2d 401, 408 (3d Cir. 1992) (citation and internal quotation marks omitted). The circumstances of this case do not meet this standard.

4

private parties in federal court."); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 119-20 (1984) (holding that the Eleventh Amendment bars state law claims against state officials in federal court). In addition, the named judges (and members of their staff and court personnel) are immune from suit to the extent they were sued in their individual and official capacities. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (judges immune from suit unless they act in complete absence of jurisdiction); Gallas v. Supreme Court of Pa., 211 F.3d 760, 772-73 (3d Cir. 2000) (court personnel entitled to quasi-judicial immunity for alleged acts pursuant to judge's instructions). Jaye did not set forth information which might suggest that the judges in her cases acted in the absence of all jurisdiction. Nor did she set forth information which might show that court personnel acted contrary to judicial instruction. Rather, Jaye appears to be merely dissatisfied with the judicial rulings against her. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts.").

The District Court also did not abuse its discretion in denying Jaye's "Motion to Vacate." That motion, which the District Court treated as seeking relief under Federal Rule of Civil Procedure 60(b)(3), alleged that the defendants' motion to dismiss mischaracterized the finality of her state court judgments, misinterpreted her claims as arising out of those judgments, and misapplied the Rooker-Feldman doctrine. Rather than identify instances of fraud or misconduct, however, these allegations challenge the substance of the Defendants' arguments. See Stridiron v. Stridiron, 698 F.2d 204, 206-07 (3d Cir. 1983) (to prevail under Rule 60(b)(3) the moving party must establish that the

5

adverse party engaged in fraud or other misconduct, and that this misconduct prevented the moving party from fully and fairly presenting her case).  Indeed, Jaye's "Motion to Vacate" essentially sought to relitigate issues the District Court had already decided.  But Rule 60(b) relief is available "only in cases evidencing extraordinary circumstances" and is not a substitute for an appeal.  Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999).

For the foregoing reasons, we will affirm the judgment of the District Court.[3]

---

[3] Jaye's motion to expand the record and the Appellees' motion for leave to file a supplemental appendix are granted.  But we deny Jaye's motion to strike Appellees' brief and their motion for leave to file a supplemental appendix, as well as her opposition to the Appellees' submission of a supplemental appendix.  We also deny Jaye's motion for judicial notice, her motion to summarily set aside, her motion to summarily remand, and her letter titled "Still Waiting on Reason for Basis for Delay."  To the extent that Jaye's letter captioned "Judge Shipp is Unfit to Act as a Federal Judge" seeks his disqualification, relief is denied.  We also deny Jaye's "Emergent Injunctive Relief to Stay All Federal Cases and Motion to Transfer Case and Appeal to a Neutral Venue" and her "Motion for Emergent Change of Venue."