**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2914
_____

SUMINDA JAYASUNDERA,
Appellant

v.

MACY'S INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-16-cv-04284)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 16, 2018
Before:  JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 25, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Suminda Jayasundera appeals the District Court's order denying his motions for relief from judgment and to disqualify the District Judge. For the reasons below, we will affirm the District Court's order.

The procedural history of this case and the details of Jayasundera's claims are well known to the parties and need not be discussed at length. Briefly, in 2014, Jayasundera filed a complaint in the District Court for the District of New Jersey against Appellee alleging employment discrimination, which was docketed at Civ. No. 14-7455 ("first case"). The District Court granted Appellee's motion to compel arbitration and dismiss the complaint. Jayasundera did not appeal the dismissal of his complaint.[1]

After an arbitrator ruled against him, Jayasundera filed a petition to vacate the arbitration award in the District Court. The petition was docketed at Civ. 16-4284 ("second case"). The District Court denied the petition to vacate the arbitration award. Jayasundera did not appeal the District Court's judgment.

While the second case was pending, Jayasundera filed another complaint alleging that continued discrimination had led to his constructive termination. That complaint was docketed at Civ. No. 16-5084 ("third case"). The District Court granted Appellee's motion to compel arbitration and dismissed the complaint. Jayasundera appealed the District Court's order. We affirmed the District Court's judgment. See C.A. No. 16-4162.

---

[1] He later filed a motion for relief from judgment which the District Court denied. He withdrew his appeal of the District Court's denial. See C.A. No. 17-2897.

In May 2017, Jayasundera filed in the second case a motion for relief from judgment, and later, a motion to disqualify the District Court Judge. The District Court denied the motions, and Jayasundera filed a notice of appeal. That is the appeal before us now. We have jurisdiction under 28 U.S.C. § 1291.

In denying the motions, the District Court stated that it was doing so "for the reasons set forth on the record." Because Jayasundera has not provided us with a transcript of the hearing during which the District Court provided its reasons, we review only the District Court's denial of his motion and not its reasoning. Fed. R. App. P. 10(b)(1) (Appellant must order transcripts of proceedings he considers necessary).

Rule 60(b) motion for relief from judgment

In his motion for relief, Jayasundera argued that relief was warranted under Fed. R. Civ. P. 60(b)(1). Subsection (b)(1) allows for relief from judgment due to "mistake, inadvertence, surprise, or excusable neglect." He also argued that Appellee committed fraud, making relief under Rule 60(b)(3) appropriate. We review a District Court's denial of relief under Rules 60(b)(1) and (b)(3) for abuse of discretion. Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

Jayasundera has not shown that the District Court made any mistakes in denying his petition to vacate the arbitration award. He simply challenges the District Court's decision as a whole. He argues that he must be given an opportunity to be heard, but he already had that opportunity during the arbitration. Jayasundera refers to newly-discovered evidence; he admits, however, that this evidence was submitted by Appellee

3

during the arbitration process. Thus, it is not newly-discovered with respect to his petition to vacate the arbitrator's decision.

Jayasundera erroneously believes that the arbitrator's final decision was contrary to the arbitrator's findings during the arbitration. He quotes a portion of the arbitrator's denial of Appellee's motion for summary judgment:

> Macy's Inc. provided contradictory statements during this arbitration with unsupported/fabricated statements at times to mislead the proceedings, the conduct of Regional Director and other managerial employees towards Jayasundera was hostile, threatening, intimidation and act of "psychological torture."

Brief at 2. However, Jayasundera takes that quote out of context. The arbitrator was simply summarizing, but not endorsing, Jayasundera's allegations; he did not conclude that Macy's had provided false statements or that employees had been hostile to him. See App. at 116-117 ("Claimant's evidence, when viewed in the light most favorable to claimant, as required on a motion for summary judgment, can be summarized as follows . . ."). Jayasundera's confusion on this issue is neither grounds for vacating the arbitrator's decision, nor a basis for relief from the District Court's judgment denying the petition to vacate the arbitrator's decision.

Jayasundera vaguely alleges that Appellee committed fraud on multiple occasions. To prevail on a Rule 60(b)(3) motion alleging fraud, one must show that the misconduct of the other party prevented the movant from presenting his case. See Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983). Jaysundera asserts that he pointed out the fraud in his responses to Appellee's filings before the arbitrator and the District Court. Thus, both parties' arguments and views of the evidence were before those bodies;

4

nothing prevented Jayasundera from presenting his petition to vacate the arbitrator's decision. Jayasundera has not made a showing of fraud entitling him to relief from the judgment under Rule 60(b)(3). Nor did his allegations warrant an evidentiary hearing, as there were no factual disputes relevant to the Rule 60(b) motion to be resolved.

The District Court did not abuse its discretion in denying Jayasundera's motion for relief from judgment.

Motion to disqualify the District Judge

We review the District Judge's decision to not recuse herself for an abuse of discretion. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). In his motion to disqualify the District Judge, Jayasundera cited to 28 U.S.C. §§ 144 & 455. Under 28 U.S.C. § 144, a judge must recuse if the litigant files a sufficient affidavit that the judge has a personal bias or prejudice against him. Jayaunsdera did not allege any facts that would show a *personal* bias on the part of the District Judge.

Under 28 U.S.C. § 455, a judge should disqualify herself if her impartiality might reasonably be questioned or she has a personal bias concerning a party. Jayasundera's allegations of bias have no basis other than his displeasure with the District Judge's rulings. Such allegations do not form an adequate basis for recusal. Securacomm Consulting, Inc., 224 F.3d at 278. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). The District Judge's rulings do not show any

5

such antagonism, and she did not abuse her discretion in denying Jayasundera's motion to disqualify her.

Jayasundera also questions the assignment of all three of his cases to the District Judge. However, New Jersey Local Civil Rule 40.1(c) provides that related cases arising out of the same transaction should be assigned to the same Judge. There was nothing inappropriate about the assignment of the District Judge to his cases, and her appointment would not cause her impartiality to be questioned.

For the above reasons, we will affirm the District Court's judgment.