**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2570
_____

ZULKARNAIN KAGALWALLA,

Appellant

v.

JENNIFER DOWNING; RENEE ROBESON; JENNIFER EUGENE; HON. DARLENE
PEREKSTA; ALLISON BLAKE; SHING-FU HSUEH; DAVID ADERHOLD;
ANTHONY FLERES; STATE OF NJ; WEST WINDSOR TOWNSHIP;
WEST WINDSOR PLAINSBORO SCHOOL DISTRICT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3-17-cv-02071)
Chief District Judge:  Honorable Freda L. Wilson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 20, 2020

Before: AMBRO, GREENAWAY, JR., and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 21, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Zulkarnain Kagalwalla, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey denying his motion pursuant to Federal Rule of Civil Procedure 60(b)(3) to reopen his case and orders denying his motions for reconsideration. We will affirm the judgment of the District Court.

In 2017, Kagalwalla filed a complaint pursuant to 42 U.S.C. § 1983 against the State of New Jersey, West Windsor Township, West Windsor-Plainsboro School District, and numerous public employees, claiming violations of his rights to free speech and due process, interference with parental rights, and false arrest. He later filed an amended complaint. Kagalwalla's pleadings are unclear. Other documents he submitted reflect that his action stemmed from a civil complaint filed against him by the New Jersey Division of Child Protection and Permanency and a criminal case in which he was ordered to have no contact with various individuals and entities, including defendants to his lawsuit.

The District Court granted motions to dismiss filed by the School District and Township defendants and dismissed Kagalwalla's claims without prejudice. On May 8, 2018, before the District Court ruled on a motion to dismiss by the remaining defendants and a motion by Kagalwalla to file a second amended complaint, Kagalwalla voluntarily dismissed his complaint.

Almost a year later, on May 3, 2019, Kagalwalla filed a motion pursuant to

2

Federal Rule of Civil Procedure 60(b)(3) asking the District Court to reopen his case based on alleged fraud and misconduct by West Windsor Township and the county prosecutor's office. He stated that he was in jail from January 31, 2018 to May 7, 2018, on fabricated charges because the Township, school, and prosecutor's office sought to force him to withdraw his federal action. He alleged that his attorney told him that the only plea deal he would be offered was three years in prison, and that a friend was able to get the Mayor of West Windsor Township to help with his release on the condition that he withdraw his complaint. He claimed that the defendants forced him to withdraw his complaint by putting his liberty at stake. Kagalwalla attached a July 26, 2017, letter written by counsel for the Township to a state court judge in a criminal matter stating that Kagalwalla had violated a no-contact order by filing a document in his federal action that served to harass the parties he was directed not to contact. The letter reflects that Kagalwalla had more than one outstanding criminal case. Counsel asked that as part of any settlement that Kagalwalla agree to withdraw his federal action.

The District Court denied the motion to reopen on May 21, 2019. It explained that Kagalwalla had failed to provide any factual support for his allegations, and that his conclusory allegations of wrongdoing by government officials and other non-parties did not satisfy his burden of showing by clear and convincing evidence that an adverse party engaged in fraud or misconduct.

Kagalwalla filed a motion for reconsideration in which he purported to attest to

3

facts in support of his motion to reopen. He reiterated allegations in that motion, noted that a defendant had agreed not to testify against him at his sentencing because he had withdrawn his complaint, and stated that his plea was conditioned on a verbal agreement to withdraw his complaint. The District Court found no basis to reconsider its ruling and denied the motion in a text-only order entered on the docket on May 30, 2019.

Kagalwalla filed a second motion for reconsideration and submitted two documents in support: a May 10, 2019, letter from Township counsel to the District Court opposing Kagalwalla's motion to reopen and a separately filed habeas petition, and a document reflecting text messages between Kagalwalla and the friend who spoke to the Mayor. In the latter, Kagalwalla's friend wrote that the "deal" was that he drop his federal action. Kagalwalla responded that the deal was that the Township and school work with him "for a decent probation." Exhibit to 5/31/19 Motion for reconsideration.

The District Court denied the motion on June 6, 2019. It explained that Kagalwalla's evidence was not newly discovered and he did not explain why he did not submit it with his motion to reopen. The District Court also said that, even if it considered the evidence, Kagalwalla had not provided sufficient factual support for his allegations, nor had he shown that named defendants were a party to the alleged fraud. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Kagalwalla seeks review of the May 21, 2019, order denying his motion to reopen and the May 30, 2019, and June 6,

4

2019, orders denying reconsideration. In the brief filed by the State of New Jersey and other parties, Appellees note that Kagalwalla identified only the June 6, 2019, order in his notice of appeal. We may review all three rulings, however, because the orders denying reconsideration are connected to the denial of the motion to reopen, an intent to appeal may be inferred by the fact that Kagalwalla attached to his notice of appeal the orders denying his motion to reopen and his second motion for reconsideration, and there is no prejudice to the Appellees as they have all addressed the denials of reopening and reconsideration in their briefs. See Trzaska v. L'Oreal USA, Inc., 865 F.3d 155, 163 (3d Cir. 2017) (setting forth factors for review of orders not specified in a notice of appeal).[1] We review the District Court's rulings for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008) (Rule 60(b)(3) motion); Long v. Atlantic City Police Dep't, 670 F.3d 436, 446-47 (3d Cir. 2012) (motion for reconsideration).

Rule 60(b)(3) provides for relief from a final judgment, order, or proceeding where there is fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). The moving party must show that the opposing party engaged in fraud or other misconduct, and that the conduct prevented the moving party from fully and fairly presenting his case. Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983). In order to show fraud or misconduct, the evidence must be clear and convincing. Brown v. Pa. R.R. Co., 282 F.2d 522, 527 (3d Cir. 1960).

---

[1] Kagalwalla's notice of appeal is timely as to all three orders under Federal Rules

We agree with the District Court that Kagalwalla did not meet his burden of establishing fraud or misconduct in his Rule 60(b)(3) motion. His allegation that he was incarcerated in 2018 in order to coerce him to withdraw his lawsuit is unsupported. Kagalwalla also alleged that the Mayor of West Windsor Township forced him to withdraw his suit in order to obtain a plea deal. However, the June 26, 2017, letter upon which he relies reflects that Township's counsel asked that Kagalwalla agree to withdraw his action because he had filed a document that the Township believed violated the spirit of a no-contact order. The letter does not show that the Township engaged in misconduct then or when he was incarcerated in 2018. Kagalwalla argues on appeal that the District Court failed to consider this letter, but the letter does not establish that relief was due.

The District Court also did not err in denying Kagalwalla's motions for reconsideration because he did not rely on any newly discovered evidence or identify any manifest error. See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251-52 (3d Cir. 2010). Moreover, the evidence that Kagalwalla submitted suggests that he agreed to withdraw the suit in exchange for the Township's support of a favorable sentence of probation.

Kagalwalla argues in his brief that the District Court should have obtained his prison telephone records and transcripts in his criminal case, but it was not the District Court's job to do so. He also asserts that the Township's letter opposing his motion to

of Appellate Procedure 4(a)(1)(A) and 4(a)(4)(A).

6

reopen, which was e-mailed to the Magistrate Judge assigned to the case, was not docketed. Although this is correct, the letter reflects that it was mailed to Kagalwalla and he has not shown any prejudice. His argument that the letter acknowledges that his factual allegations are true is without merit.

Accordingly, we will affirm the judgment of the District Court.