Edith STRIDIRON, Appellant,

v.

Andre STRIDIRON, Appellee.

No. 82–3267.

United States Court of Appeals, Third Circuit.

Argued Dec. 9, 1982.

Decided Jan. 28, 1983.

Brenda J. Hollar, (argued), St. Thomas, V.I., for appellant.

Maria Tankenson Hodge, (argued), St. Thomas, V.I., for appellee.

Before SEITZ, Chief Judge, and ADAMS and WEIS, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

Following a grant of divorce and entry of a stipulated property settlement by the Virgin Islands Territorial Court, defendant-wife presented newly discovered evidence that contradicted plaintiff's responses in discovery denying the existence of a prior marriage. Because the Territorial Court failed to address defendant's allegation of fraud or misrepresentation under Rule 60(b)(3) and erred in concluding that it had authority to distribute realty in the event of annulment, we will remand so that a hearing on the Rule 60(b) motion can be held in the Territorial Court.

Plaintiff-husband filed a complaint in divorce, alleging that he married defendant on August 25, 1951. Defendant filed an amended answer on September 10, 1980 and asked for a decree of annulment. She asserted that plaintiff had been married before August 1951 and had never been di-

vorced. Defendant contended that the property where the parties resided was in her name, and not subject to equitable distribution in the absence of a marital relationship.

Defendant served interrogatories and a motion to produce documents on plaintiff in September. Interrogatory number 5 asked, "Were you married prior to August 25, 1951." On October 10, 1980, plaintiff filed his sworn responses. His answer to number 5 was "No."

Defendant also requested that plaintiff produce, "3. All marriage certificates to anyone where a ceremony was performed whether legal or not." Plaintiff responded, "None." Number 4 requested production of "[c]ertified copies of any and all divorces of any previous marriages whether the marriage was legal or not." Plaintiff again answered, "None."

Before receiving the answers from plaintiff, defendant's counsel had requested the Bureau of Vital Statistics in New York State to search for records of any previous marriages by plaintiff. The Bureau suggested that other agencies be contacted and defendant followed that advice. Before defendant could receive a definitive answer, however, the case was scheduled for trial. Defendant requested a continuance because of her difficulty in securing the information, but the motion was denied.

When the case was called for trial, defendant and plaintiff entered into a stipulation for a division of the "marital domain at 20–15 Estate Fresh Meadows," consisting of two buildings on a one acre tract. Plaintiff and defendant were each to receive one building, and a small unimproved plot was to be the property of the defendant. The plaintiff agreed to pay alimony for a period of six months. As part of the agreement, the parties stated that the divorce would not be contested.

On December 1, 1980, based on the agreement between the parties, the Territorial Court entered a decree of divorce and property settlement. On January 16, 1981, defendant filed a motion under Federal Rules of Civil Procedure 56, 59(a), and 60(b)(2)

and (3) for vacation of the decree and grant of a new trial. Attached to the motion was a certificate from the City Clerk of New York, dated December 16, 1980, stating that plaintiff and one Kathleen R. Jones were married in that city on March 28, 1948.

The Territorial Court denied the motion on two grounds. First, the presumption of validity of the last marriage had not been rebutted, since defendant had not established that plaintiff was never divorced or that his previous spouse had not died. *See Hodge v. Hodge,* 14 V.I. 238 (Terr.Ct. St. Croix 1977). Second, the power of the court to distribute the parties' property and the judgment would remain the same with or without the newly discovered evidence. On appeal to the district court, the order of the Territorial Court was affirmed as being a proper exercise of discretion.

In this court, defendant argues that she adequately explained the delay in securing the new evidence and that the New York marriage certificate demonstrates, in effect, that a fraud was committed on the court. She thus asserts that she satisfied Rule 60(b)(2) as well as 60(b)(3). She also contends that the Territorial Court has no jurisdiction to decree a property settlement in an annulment proceeding. Plaintiff responds that the Territorial Court was correct in deciding that the property distribution would remain the same in any event.

█ The defendant's motion under Rule 60(b) was timely filed in the Territorial Court. Her explanation of the difficulty in securing the new evidence is reasonable and has not been contradicted by plaintiff. We are aware of the delays in the mails to the Virgin Islands, and the difficulties encountered in the search of official records in large cities. We find no evidence of undue delay by defendant in presenting the Rule 60(b) motion to the court. *See Wilson v. Thompson,* 638 F.2d 801, 803 (5th Cir.1981) (Rule 60(b) motion timely filed when brought within a month of discovery of matter offered as new evidence and proof of fraud).

█ Rule 60(b)(3) provides for relief from a final judgment where there has been "fraud . . ., misrepresentation, or oth-

er misconduct of an adverse party." To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case. *See Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1341 (5th Cir. 1978). Failure to disclose or produce evidence requested in discovery can constitute Rule 60(b)(3) misconduct. *See Montgomery v. Hall,* 592 F.2d 278, 279 (5th Cir.1979).

■ The certified copy of the marriage certificate is in direct conflict with the sworn answer plaintiff made to the defendant's interrogatory. Prima facie, the record indicates that plaintiff made a serious misrepresentation of a material matter during discovery. It is significant, we believe, that plaintiff has not denied the validity of the marriage certificate or offered any explanation whatsoever for his misleading answer to the interrogatory.

The inconsistency of plaintiff's response cannot be dismissed as without consequence. The record as it stands shows that defendant was forced to spend the discovery period and longer obtaining evidence that would have been established by plaintiff's truthful answer to the interrogatory. Thus, plaintiff's failure to provide information uniquely within his knowledge effectively foreclosed defendant from presenting her claim for annulment at trial.[1] A court should not lightly countenance such an abuse of the discovery process. The possible existence of fraud was manifest in the circumstances here and faced with that, the Territorial Court should have conducted a hearing to determine the relevant facts.

■ Defendant asserted an alternative ground for relief under Rule 60(b)(2). That subsection provides that if a party produces "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)," the judgment may be opened. The evidence must have been discovered after trial and the failure to learn must not have been caused by a lack of diligence. The evidence must be material to the issues involved, yet not merely cumulative or impeaching and must be of such a nature that it would probably change the outcome. *United States v. Meyers,* 484 F.2d 113, 116 (3d Cir.1973). The Territorial Court found that defendant failed to meet the last of these requirements.

The Territorial Court reasoned that defendant's evidence of a prior marriage would not change the outcome because the court had authority to "distribute the property of the parties irrespective of the validity of the marriage." In concluding that it could divide the real estate in the event of an annulment, however, the court erred. ·

■ In *Dyndul v. Dyndul,* 541 F.2d 132, 134, 13 V.I. 376, 381 (3d Cir.1976), we held that "authority to distribute real estate in a divorce proceeding can be conferred on a Virgin Islands divorce court only by statute." Although a divorce court may use a variety of means to obtain an equitable result, real property distribution, as such, must rest on power granted by statute. *See also Todman v. Todman,* 571 F.2d 149, 15 V.I. 518 (3d Cir.1978).

■ Title 16, section 109 of the Virgin Islands Code provides that when a marriage is declared void, a court may decree custody and support of the children, support and maintenance of a party, delivery to the wife of her personal property, and appointment of a trustee for the management of money to support the wife and children.[2] The statute does not authorize the equitable distribution of real property. This absence of authority is in contrast to the situation where a divorce decree is granted. *See* V.I.Code Ann. tit. 33, § 2305(d). In the event of annulment, the Territorial Court is

---

**1.** The Territorial Court correctly viewed a claim of annulment to require proof of both prior marriage and absence of divorce. We observe, however, that plaintiff's answer to defendant's interrogatory No. 6, asking whether he was ever divorced, was "Not applicable." For the purpose of the Rule 60(b) motion, this response constitutes some evidence that plaintiff had not divorced Kathleen.

**2.** Section 109 reads in full:

"Whenever a marriage is declared void or dissolved the court may, without regard to any determination that the breakdown of the mar-

restricted to the remedies provided by section 109 of Title 16, which do not include the power to distribute realty.

The Territorial Court's failure to address the question of plaintiff's possible fraud and its erroneous conclusion that real estate could be distributed in the event of annulment persuade us that the court's treatment of defendant's Rule 60(b) motion was incomplete and inadequate. Hence, we find that a hearing on the concerns we have noted is appropriate.

Accordingly, the judgment of the district court will be vacated and the case remanded to it with the direction to remand the case to the Territorial Court and order that a hearing on the Rule 60(b) motion be held.

riage was the fault of one party or the other, further decree:

(1) for the future care and custody of minor children of the marriage as it may deem just and proper, having due regard to the age and sex of such children and giving primary consideration to the needs and welfare of such children;

(2) for the recovery from the party not granted care and custody of such children such an amount of money, in gross or in installments, as may be just and proper for such party to contribute toward the nurture and education thereof;

(3) for the recovery for a party determined to be in need thereof an amount of money in gross or in installments, as may be necessary for the support and maintenance of such party;

(4) for the delivery to the wife of her personal property in the possession or control of the husband at the time of giving the judgment;

(5) for the appointment of one or more trustees to collect, receive, expand, manage, or invest, in such a manner as the court shall direct, any sum of money necessary for the maintenance of the wife or the nurture and education of minor children committed to her; or

(6) to change the name of the wife."

V.I.Code Ann. tit. 16, § 109 (Supp.1981).