**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4527
_____

HOWARD C. KIBURZ,

Appellant

v.

SECRETARY, U.S. DEPARTMENT OF THE NAVY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 04-2247)
District Judge:  Hon. Yvette Kane

Submitted September 22, 2011

Before:  AMBRO, CHAGARES, and GARTH, Circuit Judges.

(Filed:  October 3, 2011)
_____

OPINION
_____

CHAGARES, Circuit Judge.

Howard Kiburz appeals the District Court's denial of his Fed. R. Civ. P. 60(b)(3)

motion for relief from judgment and his request for sanctions under Fed. R. Civ. P. 37.

Kiburz argues that the failure of the United States Department of the Navy ("Navy") to

produce an alleged responsive document during the discovery phase of his disability

discrimination lawsuit demands relief from the judgment dismissing his claim in addition to sanctions against the Navy for its alleged misconduct. For the reasons that follow, we will affirm the judgment of the District Court.

I.

We write for the parties' benefit and recite only the facts essential to our disposition. Howard Kiburz had been employed by the Navy as an Information Technology Specialist and, on July 1, 2003, he voluntarily retired from the Navy due to a persistent medical condition. On October 13, 2004, Kiburz filed a complaint under the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701, et seq., alleging discrimination and constructive discharge based on his medical condition. During the discovery phase of the suit, Kiburz requested that the Navy produce "all policies, regulations, and agreements that were in effect between May 3, 2002 and July 1, 2003 that pertain to allowing employees of the [Navy] to work at home as a medical accommodation." Appendix ("App.") 138-39. The Navy produced five different pertinent regulations in response. On July 16, 2008, the District Court granted summary judgment to the Navy, holding that the Navy's denial of Kiburz's request to work from home was reasonable in light of his job responsibilities, which required him to be in the office, and as such, his voluntary retirement did not constitute a constructive discharge. This Court affirmed the District Court's grant of summary judgment on January 19, 2010, concluding that Kiburz had not supported his claim for constructive discharge because his requested accommodation was unreasonable, as he could not perform the essential

2

functions of his job from home and he had not shown that his work environment was intolerable.

On March 19, 2010, Kiburz moved for post-judgment relief under Fed. R. Civ. P. 60(b)(3) and sanctions under Fed. R. Civ. P. 37. Kiburz argued that the Navy should have produced during discovery Public Law 106-346 Section 359, DOD Telework Policy and Telework Guide issued October 22, 2001, DOD Directive No. 1035.1, and NAVSUP Instruction 12620.2 (hereinafter collectively referred to as "telework policies"). These telework policies encouraged eligible Navy employees to participate in telecommuting to the maximum extent possible without it effecting work performance. Kiburz alleged that had these documents been produced, he would have altered how he pursued his discrimination claim.[1] The Navy maintained that these documents were not disclosed because they had not been implemented yet due to the fact that the policies were still being negotiated with the local union as required by federal law. Additionally, the Navy argued that the documents were not responsive to Kiburz's request as these telework policies did not pertain to medical accommodations. The Navy contended that Kiburz had the ability to present his case fully and fairly because, even if the Navy had produced

---

[1] Kiburz initially maintained in front of the District Court that he was not aware of the telework polices until March 5, 2010. On appeal, however, Kiburz now contends that he was aware of the policies by December 2007, but did not bring it to the attention of the District Court because briefing of the summary judgment motion had closed and he considered the policies cumulative of his other arguments. See Kiburz Br. 8-9; see also Kiburz Reply Br. 16 n.6. The timeliness of Kiburz's discovery of the telework policy and his statement that he considered the telework policies cumulative of medical accommodation policies strongly weighs against his argument post-judgment that the Navy's failure to provide these documents prevented him from fully and fairly presenting his case.

the policy documents, Kiburz did not qualify for telework because he could not perform the essential functions of his job from home. On November 2, 2010, the District Court denied Kiburz relief under Rule 60(b) and his request for sanctions under Rule 37, finding first that "there is no reason to believe [Kiburz] did not have the opportunity to 'fully and fairly' litigate the issue that was truly in dispute, namely, whether he could perform the essential functions of the job." App. 5. In addition, the court determined that the Navy had not committed any fraud by not disclosing the documents and that the requested disclosures were not relevant to the issue of whether Kiburz was able to perform the essential functions of his position. Kiburz filed a timely appeal.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review a denial of a motion filed pursuant to Fed. R. Civ. P. 60(b) for abuse of discretion. Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002). Rule 60(b)(3) allows the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . fraud, . . . misrepresentation, or other misconduct by an opposing party." The movant must show not only that "the adverse party engaged in fraud or other misconduct, [but also] that his conduct prevented the moving party from fully and fairly presenting his case." Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983). "Failure to disclose or produce evidence requested in discovery can constitute Rule 60(b)(3) misconduct." Id. Importantly, the movant in a Rule 60(b) motion carries a heavy burden, as Rule 60(b) motions are viewed as "extraordinary relief which should be granted only where extraordinary justifying circumstances are present."

4

Bohus v. Beloff, 950 F.2d 919, 929 (3d Cir. 1991) (quoting Pilsco v. Union R. Co., 379 F.2d 15, 17 (3d Cir. 1967)).

The District Court properly denied Kiburz's Rule 60(b) motion because Kiburz failed to demonstrate that either alleged fraud or misconduct prevented him from fully and fairly presenting his case. Kiburz argues that the Navy's failure to produce the telework policies did not allow him to fully and fairly present his case, as he would have performed discovery differently by being less focused on showing that he was not a "team leader" under the medical accommodation policies. This argument, however, ultimately fails because Kiburz has not shown how the Navy's failure to produce these documents would have had any bearing on his disability discrimination claim regarding whether working from home was a reasonable accommodation. Importantly, both this Court and the District Court previously determined that Kiburz could not perform the essential functions of his job from home. Hence, the existence of the telework policies caused no real prejudice to Kiburz's claim because, as the District Court concluded, the policies did not create "an issue of material fact regarding whether he could perform the essential functions of his job." App. 7. Since this Court has held that Kiburz could not maintain his job responsibilities while working from home, the discovery of "new" telework policies is irrelevant to his disability discrimination claim, as it would not affect the Court's conclusion that working from home was not a reasonable accommodation request.[2]

---

[2] Further, we recognize that Kiburz's Rule 60(b)(3) motion could also fail because there is no evidence of misconduct, as the telework policies arguably were not responsive to

5

Therefore, the District Court did not abuse its discretion in denying Kiburz's Rule 60(b) motion for relief from his disability discrimination judgment and his Rule 37 motion for sanctions.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

his discovery request. The policies were not effective during the requested time period as the programs could not be implemented – and therefore could not have been applicable to Kiburz – without the approval of the local union. Additionally, the Navy does not appear to have erred by not providing the telework policies under Kiburz's request for policies on "medical accommodations" because these policies fall under the Navy's Flexiplace Program, not the Reasonable Accommodation Program. See App. 247-48. Therefore, it is evident that Kiburz has not demonstrated any "misconduct" on the part of the Navy. However, even assuming that the telework polices were responsive to Kiburz's request and therefore misconduct occurred, Kiburz's motion still must be denied because it did not affect his ability to fully and fairly litigate his case.