ALD-221                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3873
_____

MARKOS PAPPAS,
                    Appellant

v.

WARDEN ALLENWOOD USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-12-cv-02070)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 28, 2015

Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Filed: June 22, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Markos Pappas appeals the District Court's order denying his motion under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

This appeal concerns Pappas's challenge to a finding by a Discipline Hearing Officer (DHO) that Pappas violated a prison regulation by possessing a cell phone. A prison officer found the cell phone at issue in the wall behind the toilet in Pappas's cell. The reporting officer stated that Pappas acknowledged that the phone was his. The Unit Discipline Committee then held a hearing, in which Pappas claimed that the phone had belonged to a former cellmate. The Committee forwarded the case to the DHO for a further hearing. According to the DHO, at the hearing, Pappas stated that the phone belonged to his cellmate and that he did not have access to it. As noted above, the DHO found Pappas guilty, relying on the reporting officer's statement, the statement Pappas purportedly made to the DHO (which it quoted in full), and the fact that Pappas resided in the cell in which the phone was found. Pappas was sanctioned with the loss of 27 days of good-conduct time.

In October 2012, Pappas filed a petition under 28 U.S.C. § 2241, arguing, among other things, that the statement that the DHO quoted in its opinion had been made not by him but by Eric Pearson, another inmate, who had been found guilty of the same offense days before Pappas. While Pappas had made a materially indistinguishable statement to the Unit Discipline Committee — in which, to reiterate, he denied responsibility for the

2

phone — Pappas claimed that the DHO's apparent typographical error established that its finding of guilt was not supported by "some evidence." See Superintendent v. Hill, 472 U.S. 445, 454 (1985) (establishing the "some evidence" standard for reviewing prison-disciplinary decisions). The District Court denied relief to Pappas. Pappas v. USP Allenwood Warden, M.D. Pa. Civ. A. No. 1:12-CV-2070, 2013 WL 4080312 (M.D. Pa. Aug. 13, 2013). Pappas appealed, again arguing that he had not made the statement that the DHO attributed to him. We affirmed, explaining that there was some evidence in the record — including the reporting officer's statement — that supported the DHO's finding. See Pappas v. Warden, 548 F. App'x 31, 33 (3d Cir. 2013) (non-precedential).

Pappas then filed the motion under Rule 60(b) that is at issue here. He attached a copy of the DHO's opinion in Eric Pearson's case, which supports his contention that Pearson had made part (but not all) of the statement that the DHO quoted in its opinion in Pappas's case. Pappas argued that the District Court should reopen the case pursuant to Rule 60(b)(3) or (b)(6) because the defendant had "concealed" the Pearson opinion. The District Court denied Pappas's motion, and Pappas filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion, which "may be found when the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999) (quotation marks omitted).

3

We agree with the District Court's disposition of this case. A court may vacate a judgment under Rule 60(b)(3) only if a party establishes that an adversary's alleged fraud or misconduct "prevented [him] from fully and fairly presenting his case." Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983). Pappas was not prevented from presenting his case here. To the contrary, he repeatedly argued that the DHO had wrongly attributed Pearson's statement to him. On appeal, we rejected that argument on the merits, concluding that the other evidence in the record was sufficient to sustain the DHO's finding. See Pappas, 548 F. App'x at 33. Pappas's new evidence does not undermine that conclusion in any way. See, e.g., Denny v. Schultz, 708 F.3d 140, 146 (3d Cir. 2013) ("the mere discovery of contraband in a shared cell constitutes 'some evidence' that each prisoner in that cell possessed the contraband"). Because Pappas has failed to show that the Pearson opinion would have aided him in presenting his case, the District Court did not abuse its discretion in denying him relief under Rule 60(b)(3). See Bandai Am. Inc. v. Bally Midway Mfg. Co., 775 F.2d 70, 73 (3d Cir. 1985) (denying relief under Rule 60(b)(3) where the alleged misrepresentations were not "material to the outcome of the litigation").

For similar reasons, the District Court did not err in denying Pappas relief under Rule 60(b)(6). See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002) (Rule 60(b)(6) "provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances" (quotation marks omitted)); see also Jackson v. Danberg, 656 F.3d 157, 166 (3d Cir. 2011) (denying relief under Rule 60(b)(6) because

4

the new evidence did "not constitute a factual change which undermines the foundation of the prior ruling" (quotation marks, alteration omitted)).

Accordingly, we will summarily affirm the District Court's judgment.