**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2328
_____

JALAINE GETHERS,
                                        Appellant

v.

PNC BANK

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-01559)
District Judge: Honorable Nora Barry Fischer
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a):
December 13, 2019
_____

Before:  RESTREPO, ROTH, and FISHER, *Circuit Judges*.

(Filed: May 13, 2020)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Jalaine Gethers appeals the District Court's denial of her motion seeking relief from judgment due to PNC Bank's alleged fraudulent withholding of a document during discovery. She contests the District Court's findings that she provided insufficient evidence to support her allegations and failed to justify the grant of an evidentiary hearing. We hold the District Court did not abuse its discretion and will therefore affirm the denial of relief.

## I.

Gethers, an African American woman, was hired by PNC in 1996. **App. 28a.** She and coworker Rosalind Jackson processed Automated Clearing House ("ACH") return transactions for PNC. **App. 29a.** Gethers was promoted to the position of Funds Transfer Work Lead on the ACH Returns team in 2010. **App. 28a–29a.**

PNC has a written policy for processing ACH returns to ensure that the bank complies with the Federal Reserve's Regulation E ("Reg E"), which sets forth the requirements for electronic fund transfers. **App. 29a.** PNC's policy dictates that the ACH Returns team wait for the bank's Reg E Dispute Resolution Group to investigate and authorize the consumer return transaction before it reverses the debit. **App. 29a–30a.** While Gethers and Jackson maintain that PNC employees with PNC accounts can submit return transactions directly to the ACH Returns team, PNC insists that employees must follow the written procedures for customers and wait for the Reg E Group to authorize the debit. **App. 30a.**

2

On July 25, 2013, Gethers processed two return transactions for Jackson. Neither dispute that they did not follow PNC's written procedure. **App. 30a.** Gethers' direct supervisor reported their conduct to PNC's Employee Relations Information Center. **App. 31a.** PNC Senior Employee Relations investigator Jean Olenak conducted an internal investigation that revealed that Gethers processed at least nine transactions for Jackson between May and July of 2013 without following PNC's procedure. **App. 31a.** Olenak's investigation concluded that Gethers and Jackson violated PNC's Code of Business Conduct and Ethics ("Code of Ethics"), specifically the provisions regarding conflicts of interest, and she recommended their termination. **App. 31a.** Gethers was terminated August 7, 2013 for violating PNC's Code of Ethics. **App. 33a.**

Gethers filed suit *pro se* alleging that PNC violated Title VII of the Civil Rights Act of 1964 ("Title VII"). **App. 25a.** She argued her firing was discriminatory because other similarly situated employees were not terminated. **App. 33a.** Gethers further alleged her termination was in retaliation for filing a complaint against Duane Fahrion, Operations Manager for PNC's ACH Returns team, after he promoted a white employee instead of Gethers. **App. 36a–37a.** The District Court granted summary judgment in favor of PNC on May 9, 2017. **App. 2a.** Gethers obtained counsel and filed motions to reconsider the judgment and conduct additional discovery. **App. 58a.** The District Court denied both motions on January 23, 2018 and Gethers appealed. **App. 3a, 5a, 73a–76a.**

While Gethers' appeal before this Court was pending, her counsel discovered that a document produced in discovery was incomplete. **Pet. Br. 3.** After Gethers filed her 2012 complaint against Fahrion, PNC Employee Relations Investigator Jodie Fine-Sheriff

3

investigated the allegations and wrote a report disclosing her findings. **App. 5a-6a.** PNC produced all but the final page of Fine-Sheriff's report to Gethers during discovery. **App. 5a-6a, Pet. Br. 3.** Counsel was alerted to the omission of the final page because he also represented Jackson and the complete report was produced in her case. **Pet. Br. 3.**

Gethers subsequently filed motions seeking relief from judgment and staying her appeal of the grant of summary judgment. **App. 5a.** She averred that PNC, in support of summary judgment, used Fahrion's statements to argue that he did not know of her complaint so her termination could not have been retaliatory. **App. 6a.** She claimed the final page of the report establishes Fahrion knew of her complaint, exposing his sworn statements to the contrary as false, and allowing for an inference of retaliation. **App. 6a.** Gethers further claimed the missing page proved PNC sought to defraud the Court with regard to the production of documents. **App. 10a.** PNC acknowledged it produced an incomplete version of the report but maintained it was an unintentional oversight. **App. 6a–7a.**

## II.[1]

Federal Rule of Civil Procedure 60 lists several grounds under which a court may relieve a party from a final judgment. Gethers claims that she is entitled to relief on three of these grounds because new evidence was discovered post judgment, PNC committed fraud by not producing the evidence, and PNC deceived the court with its fraudulent discovery practices. We review the District Court's denial of relief for an abuse of

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 and we have jurisdiction pursuant to 28 U.S.C. § 1291.

discretion.  *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008); *see In re Bressman*, 874 F.3d 142, 148 (3d Cir. 2017).

   A.  *Rule 60(b)(2)*

Under Rule 60(b)(2), a court may grant relief if newly discovered evidence comes to light after a final judgment has been made.  However, a party is entitled to relief "only if such evidence is (1) material and not merely cumulative, (2) could not have been discovered prior to trial through the exercise of reasonable diligence, and (3) would probably have changed the outcome of the trial."  *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991).  Gethers is not entitled to relief because the last page of the report did not establish that her termination was due to discrimination or retaliation and it therefore could not have changed the outcome of her case.  The District Court found that, "even assuming that Fahrion knew that Gethers complained about him," the one-year lapse between the complaint and her termination was too long to suggest a causal connection.  *Gethers v. PNC Bank*, No. 15-1559, 2017 WL 1862194, at *13-14 (W.D. Pa. May 9, 2017).  This finding is inherently reasonable and consistent with this Court's precedent.  *See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 233 (3d Cir. 2007) (finding no inference of causation when a gap of three months existed between the protected activity and the adverse action).  Because Gethers did not meet the "heavy burden" of showing the new evidence had actual significance, the District Court did not abuse its discretion in denying relief under Rule 60(b)(2).  *Bohus*, 950 F.2d at 930.

5

*B. Rule 60(b)(3)*

Rule 60(b)(3) permits relief from a final judgment in the event of "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Gethers provided no evidence that PNC committed fraud in not producing the complete investigative report. *See Stridiron v. Stridiron*, 698 F.2d 204, 206–07 (3d Cir. 1983) ("To prevail [on a Rule 60(b)(3) motion], the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case"). The District Court reasonably found that PNC inadvertently produced an incomplete version of the report, and that Gethers was able to fully present her case because the missing page did not substantiate her allegations of discrimination or retaliation. **App. 14a.** Given the record, no abuse of discretion occurred.

*C. Rule 60(d)*

Rule 60(d) entitles a party to relief if an officer of the court intentionally committed fraud directed at the court and the court was in fact deceived. *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005). Allegations of such "egregious misconduct" must be supported by "clear, unequivocal, and convincing evidence." *In re Bressman*, 874 F.3d at 150. Here there is no indication on the record that PNC intentionally failed to produce the last page of the report**, App. 6a–7a**; in fact, it produced the full report for Gethers' co-worker Jackson, who alleged similar employment discrimination claims following her termination from PNC for improper ACH returns.

6

**Pet. Br. 3.** Thus, the District Court did not abuse its discretion in rejecting Gethers'

unsubstantiated claim that PNC committed intentional fraud under Rule 60(d).

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.