**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1816
_____

OLUKAYODE DAVID OJO,
                                        Appellant

v.

WARDEN ELIZABETH DETENTION CENTER
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:18-cv-08725)
District Judge:  Honorable John M. Vazquez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 18, 2020
Before:  CHAGARES, Chief Judge, PHIPPS and COWEN, Circuit Judges

(Opinion filed: March 30, 2022)
_____

OPINION[*]
_____

PER CURIAM

Olukayode David Ojo appeals from an order of the United States

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

District Court for the District of New Jersey denying his motion under Rule 60(b) of the Federal Rules of Civil Procedure. We will affirm the judgment of the District Court.

Ojo, a citizen of Nigeria, remained in the United States after the April 2011 expiration of his non-immigrant visitor visa. In 2014, in the United States District Court for the Eastern District of New York, he was convicted of conspiracy to commit wire fraud and conspiracy to commit document fraud. While his criminal appeal was pending, in March 2014, immigration officials took Ojo into custody, charging him with removability for overstaying his visa. In May 2014, an Immigration Judge (IJ) granted release on bond and initially set the amount at $50,000, later lowered to $22,500. The IJ denied Ojo's subsequent request for a lower bond amount, and the Board of Immigration Appeals (BIA) affirmed.

Meanwhile, in December 2014, Ojo sought his release from immigration custody by filing a § 2241 habeas petition (D.N.J. Civ. No. 14-cv-07951). On March 31, 2015, the Government filed a joint stipulation and request for dismissal under Federal Rule of Civil Procedure 41(a)(1), agreeing to an immigration bond redetermination in an amount that Ojo's family could afford, and noting the mootness of Ojo's habeas petition given that agreement. The District Court granted the joint request for dismissal that same day. In April 2015, the IJ set the bond amount at $2,000; Ojo paid the bond and was released while his removal proceedings remained pending.

In November 2015, the Court of Appeals for the Second Circuit affirmed Ojo's criminal conviction. See United States v. Ojo, 630 F. App'x 83, 87 (2d Cir. 2015). The

2

United States Supreme Court denied certiorari in March 2016. See Ojo v. United States, 136 S. Ct. 1473 (2016).

Years later, in April 2018, the Government added new charges of removability in Ojo's immigration proceedings, including a charge that Ojo was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having committed an aggravated felony. That new immigration charge triggered the mandatory detention provision of 8 U.S.C. § 1226(c), applicable to certain criminal aliens pending removal proceedings, including those having committed an offense covered under § 1227(a)(2)(A)(iii). See 8 U.S.C. § 1226(a)(c)(1)(B). As a result, Ojo, who had been released on bond regarding his immigration visa-overstay charge, was again taken into immigration detention. The IJ denied bond, determining that Ojo was subject to § 1226(c) mandatory detention.

Soon after, in May 2018, Ojo filed the underlying § 2241 habeas petition here, seeking release from immigration custody. Ojo argued that his re-detention violated the parties' March 2015 stipulation entered in his 2014 § 2241 habeas case. The District Court denied habeas relief, concluding that Ojo's § 1226(c) mandatory detention was appropriate, and that the duration of the detention did not rise to the level of constitutional concern. The District Court later denied Ojo's two motions for reconsideration. We affirmed. See Ojo v. Warden Elizabeth Detention Center, 808 F. App'x 61 (3d Cir. 2020) (per curiam).

Ojo then filed the Rule 60(b) motion at issue here. He contended that the Government misrepresented facts that misled the District Court's conclusion that no breach of the parties' 2015 agreement occurred. In support, Ojo relied on several

3

exhibits, including excerpted portions of the transcript of his March 23, 2015 hearing in Immigration Court. The District Court denied Ojo's Rule 60(b) motion, finding that Ojo did not show that the alleged fraud or misrepresentations by the Government had any impact on the District Court's disposition of his habeas petition and post-judgment motions.

This appeal followed. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of Ojo's Rule 60(b) motion for an abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

Rule 60(b)(3) allows a district court to grant relief from a final judgment, order, or proceeding where there is fraud, misrepresentation, or misconduct by an opposing party. The moving party must show that the opposing party "engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983).[1]

We agree with the District Court's determination that Rule 60(b) relief was not warranted here. Ojo's habeas petition and his Rule 60(b) motion rest on the premise that the parties' 2015 stipulation precludes his current immigration detention under § 1226(c).

---

[1] In his opening brief, Ojo argues that the District Court misapplied the caselaw of Herring v. United States, 424 F.3d 384 (3d Cir. 2005). In addition to listing forms of relief under Rule 60(b), the District Court noted the standard for setting aside a judgment for fraud on the court under Rule 60(d)(3). Relief under Rule 60(d)(3) requires evidence of egregious misconduct constituting an intentional fraud by an officer of the court, directed at the court itself, which deceived the court. (See District Court Op. at 4 (quoting Herring, 424 F.3d at 386-87).) Ojo refers to his own motion as one brought under Rule 60(b). As we understand his argument, Ojo asserts that Rule 60(b) standards should apply, not the Rule 60(d)(3) standard described in Herring. We thus confine our review of the denial of Ojo's motion as a Rule 60(b) motion.

4

As we explained in Ojo's previous appeal, Ojo's former detention concerned the 2014 visa-overstay removability charge and was governed by § 1226(a), while Ojo's current detention concerns the 2018 aggravated felony removability charge and is governed by § 1226(c)'s mandatory detention provisions.  Ojo argues that the transcript of his March 23, 2015 immigration hearing shows that the Government misled the District Court as to the timing of the finality of his criminal conviction for immigration purposes, leading the District Court to the erroneous conclusion that the parties' 2015 stipulation "was not breached because of changed circumstances of the conviction that formed the basis of the agreement."  Appellant's Brief, Addendum at ¶2.  Yet contrary to this assertion, the record shows that Ojo's criminal conviction did not form the basis of the agreement; whether changed circumstances existed regarding the finality of his conviction had nothing to do with the District Court's denial of habeas relief.  Instead, as the District Court stated in denying the Rule 60(b) motion, the parties' agreement relates only to effectuating his release from § 1226(a) detention on the visa-overstay charge.  Ojo's allegations of fraud concerning when his conviction became final did not prevent him from fully presenting his claim for habeas relief, and they do not undermine the District Court's rulings.  See Bandai Am. Inc. v. Bally Midway Mfg. Co., 775 F.2d 70, 73 (3d Cir. 1985) (denying Rule 60(b) motion where the alleged misrepresentations were not "material to the outcome of the litigation").

The District Court did not abuse its discretion in denying Ojo's motion for Rule 60(b) relief.  Accordingly, we will affirm the District Court's judgment.