**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2621
_____

LISA M. DAVENPORT,
Appellant

v.

SECRETARY DEPARTMENT OF THE NAVY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:16-cv-00494)
District Judge:  Honorable Jennifer P. Wilson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 18, 2025
_____

Before:  CHAGARES, Chief Judge, BIBAS and RENDELL, Circuit Judges.

(Opinion filed: February 19, 2025)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

Lisa Davenport was employed by the United States Navy as a Supervisory Security Specialist. After the Navy terminated her employment, Davenport filed a lawsuit alleging that the Navy committed disability discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. ("Rehabilitation Act"). The District Court granted summary judgment in the Navy's favor. Davenport thereafter filed a motion for relief from the court's judgment under Federal Rule of Civil Procedure 60(b), which the court denied. Davenport appeals the denial of her motion for post-judgment relief. Because the District Court did not abuse its discretion in denying Davenport's motion, we will affirm the court's order.

I.

We write for the benefit of the parties and so recite only those facts pertinent to our decision. Davenport began work with the Navy in 2006 as a Security Specialist and was promoted to serve as a Supervisory Security Specialist in 2011. Several months after her promotion, Davenport received notice that her position was eligible for situational telework according to the policy of her then-existing command organization. In October of 2012, however, the Navy reassigned Davenport's job function to a different command organization that did not approve telework for Supervisory Security Specialists. At about this time, Davenport experienced worsening symptoms of a chronic medical condition. She requested that the Navy accommodate her disability in part by allowing her to telework on an occasional basis. Davenport's supervisor concluded that Davenport could

2

not perform the essential functions of her job as a Supervisory Security Specialist while teleworking and denied her accommodation request.

Beginning on March 1, 2013, Davenport was unable to report to work. On March 10, 2013, she requested reconsideration of the denial of her accommodation request. At about this time, in a letter apparently submitted to the Navy in support of Davenport's request for reconsideration, Davenport's doctor stated that Davenport was "experiencing severe exacerbation of her symptoms and [was] unable to perform her job description." Davenport v. Mabus et al., No. 16-cv-00494-JPW, ECF 93-1 at 44. On April 5, 2013, a supervisor denied Davenport's request for reconsideration on the basis that there was no possible accommodation that would allow Davenport to perform the essential functions of her job or any other job available within her command organization. The Navy terminated Davenport's employment on September 27, 2013, after she was continuously unable to report to work for more than six months.

Davenport filed this lawsuit after an unsuccessful appeal of her termination to the Merit Systems Protection Board ("MSPB") and the Equal Employment Opportunity Commission ("EEOC").[1] She alleges that the Navy violated the Rehabilitation Act by discharging her because of her disability and by failing to provide a reasonable accommodation. The District Court determined that Davenport had not established a prima facie case of disability discrimination or failure to accommodate and granted summary judgment in the Navy's favor. Davenport thereafter filed a motion for post-

_____

[1] An employee may petition the EEOC to review the decision of the MSPB in a matter involving alleged discrimination. See 5 U.S.C. § 7702(b)(1).

judgment relief under Rules 60(b)(3) and (b)(6) of the Federal Rules of Civil Procedure, alleging that the Navy had failed to disclose pertinent legal authority to the District Court. The District Court denied the motion. Davenport timely appealed the court's order denying her motion for post-judgment relief.[2]

## II.[3]

Our review of a district court's denial of a motion for relief under Rule 60(b) is for abuse of discretion. Cox v. Horn, 757 F.3d 113, 118 (3d Cir. 2014). A court's decision is an abuse of discretion if it rests on "a clearly erroneous finding of fact, an erroneous conclusion of law, or an improper application of law to fact." Id. (citing Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999)).

Rule 60(b)(3) provides for post-judgment relief in case of "fraud . . ., misrepresentation, or misconduct by an opposing party." A court may grant relief under Rule 60(b)(3) only if the movant "establish[es] that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983). Davenport also sought relief under Rule 60(b)(6), "a catch-all provision that authorizes a court to grant relief from a final judgment for 'any . . . reason' other than those listed elsewhere in

---

[2] Davenport has not appealed the District Court's order granting summary judgment in the Navy's favor. Because "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review," our review is confined to the District Court's order denying post-judgment relief. Browder v. Dir., Dep't of Corr., 434 U.S. 257, 263 n.7 (1978).

[3] The District Court had jurisdiction under 28 U.S.C. § 1331. Our Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

the Rule." Cox, 757 F.3d at 120 (quoting Fed. R. Civ. P. 60(b)(6)).  Relief under Rule 60(b)(6) is an extraordinary remedy dispensed only in "extraordinary circumstances." See id.

The gravamen of Davenport's request for relief is that the Navy did not disclose to the District Court four authorities that, in Davenport's view, were adverse to the Navy's defense of her claims:  an executive order issued on July 26, 2000, titled "Requiring Federal Agencies To Establish Procedures to Facilitate the Provision of Reasonable Accommodation," see Exec. Order No. 13164, 65 Fed. Reg. 46565 (July 28, 2000); policy guidance issued by the EEOC interpreting the executive order of July 26, 2000, see EEOC, Policy Guidance on Executive Order 13164: Establishing Procedures to Facilitate the Provision of Reasonable Accommodation (October 20, 2000); and two documents setting forth the Navy's policy regarding accommodations for people with disabilities, see Deputy Chief Mgmt. Officer of Dep't of Def., Administrative Instruction (Oct. 24, 2013); Dep't of the Navy, Program Manual for Reasonable Accommodation (March 2022).  Davenport suggests that disclosure of these policy statements would have helped her establish that her approval for situational telework in 2011 was, in fact, a grant of a reasonable accommodation.

Davenport has provided no basis for concluding that the Navy's purported failure to disclose these policy statements prevented her from fully and fairly presenting her case.  Nor has she presented any basis for the extraordinary remedy allowed by Rule 60(b)(6).  The policy statements Davenport identifies have no discernible relevance to the issue the District Court considered dispositive — whether she was fit to perform the

5

essential functions of her job as a Supervisory Security Specialist — or to any other element of her prima facie cases of disability discrimination and failure to accommodate. We conclude, therefore, that the District Court did not abuse its discretion in denying Davenport's motion for post-judgment relief.

III.

For the foregoing reasons, we will affirm the District Court's order denying Davenport's motion for post-judgment relief under Rule 60(b).