**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 22-2791 & 22-2792
_____

ROBERT JOSEPH MCMANUS,
Appellant

v.

WALGREENS COMPANY; BILCO INDUSTRIES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-21-cv-02285)
District Judge: Honorable Chad F. Kenney
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 17, 2023
_____

Before: CHAGARES, *Chief Judge*, PHIPPS, and CHUNG, *Circuit Judges*.

(Filed: November 6, 2023)
_____

OPINION[*]
_____

PHIPPS, *Circuit Judge*.

In this personal injury case, an HVAC technician sued a building owner and the

manufacturer of a roof hatch after he fell from the top of a twenty-foot fixed ladder while

trying to open the hatch to access the roof. At trial, one of the key issues was whether the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

roof hatch could be opened safely with only one hand. On the seventh and final day of trial, the expert witness retained by the building owner testified that he had climbed the fixed ladder and opened the roof hatch using only one hand. But he had not disclosed that fact earlier – it was not in his expert report or his deposition testimony – because he had done so after the trial had started. In response to objections from the HVAC technician, the District Court struck those portions of the expert's testimony and instructed the jury on two occasions that it should not be considered.

After the jury returned a verdict for the building owner and the manufacturer of the roof hatch, the HVAC technician moved for a new trial. He argued that the litigation by surprise and the false statements associated with the new testimony justified a new trial. Alternatively, he contended that a new trial was appropriate because the District Court erred by not striking the entirety of the expert's testimony. The District Court denied that motion, and the HVAC technician timely appealed that final decision. *See* Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(A)(v). In exercising appellate jurisdiction over this case, *see* 28 U.S.C. § 1291, and reviewing the District Court's order for an abuse of discretion, we will affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 11, 2020, Robert McManus, a citizen of Pennsylvania, went to Glendora, New Jersey to service the HVAC unit on the roof of a drugstore owned by Walgreens, an Illinois corporation with its principal place of business in Illinois. The roof was accessible by a twenty-foot fixed ladder, which led to a padlocked roof hatch. Bilco, a Connecticut corporation with its principal place of business in Connecticut, manufactured the roof hatch. While on the ladder, as he was attempting to unlock the padlock to the roof hatch, McManus fell and sustained injuries in excess of $75,000.

McManus sued Walgreens and Bilco for negligence, strict product liability, and breach of warranty in the Court of Common Pleas of Philadelphia County. Due to the diversity of citizenship and the amount in controversy, the case met the criteria for diversity jurisdiction, *see* 28 U.S.C. § 1332(a)(1), and Walgreens removed it to the Eastern District of Pennsylvania, *see id.* § 1441.

The case went to trial, and each side presented evidence about the requirements for safely opening the padlock on the roof hatch. McManus and two expert witnesses he retained testified that the padlock required two hands to open safely. Bilco presented two witnesses – one expert and one lay – who testified to the opposite conclusion: that the lock could be opened safely using only one hand. Walgreens also retained an expert witness, Jody DeMarco, a forensic engineer, who testified to that conclusion.

Before trial, DeMarco visited the store on three occasions, and he prepared an expert report of his opinions. On direct examination, DeMarco testified regarding several of the opinions in his expert report. He also testified about facts that were not previously disclosed: that he had climbed the fixed ladder and opened the padlock at issue while using only one hand. Photographs of DeMarco opening the lock with one hand accompanied that part of his testimony and were shown to the jury. On cross-examination, DeMarco revealed that those facts were not included in his expert report because he had done this experiment while visiting the store a fourth time – a week before he testified and after the trial had already begun. But that new information was not disclosed to McManus prior to DeMarco's testimony. On cross-examination, McManus's counsel asked when DeMarco told defense counsel of his fourth visit, and DeMarco replied, "I think I told them today. I think they found out just now." Trial Tr. at 44:5–6 (May 9, 2022) (A639:5–6).

3

Upon hearing this, the District Court excused the jury and conducted its own inquiry of DeMarco. In responding to the Court's questions about whether he performed his most recent site visit on his own and without instruction from counsel, DeMarco said that he did so on his own. The District Court then questioned defense counsel who had used photographs taken from DeMarco's visit while directly examining him. In response, counsel for Bilco, Jacqueline Promislo, a Member of Cozen O'Connor, stated, "I believe that we received the photographs of the lock opened at the same time as Plaintiff's counsel . . . ." *Id.* at 49:11–13 (A644:11–13). The District Court then ordered defense counsel to produce communications regarding the photographs.

Before the conference with counsel concluded, McManus moved to strike all of DeMarco's testimony and to stop him from testifying further. The District Court denied the motion.

However, upon the jury's return, the District Court instructed them to disregard DeMarco's testimony about opening the lock:

> So I'm going to strike a portion of the witness's testimony. Okay? So all we know up through after the third report, that this witness has been out there three times. Nobody knows that he took it upon himself on May 2nd to go out there. So he comes into this courtroom, we don't know that. And so there is no chance to prepare for what was said and no chance to prepare for the whole purpose of going out there and doing further things. So the whole portion of the testimony where this witness demonstrates what he did to climb up that ladder and do it with one hand, all of that, the photographs themselves that he referred to, all that is stricken. So you disregard that.
>
> I'm not saying the other testimony that was before but that portion of the testimony and those exhibits and those photographs are stricken. Okay? Go ahead, counsel.

*Id.* at 55:8–22 (A650:8–22). McManus's counsel did not object to this instruction and continued his cross-examination. At the end of the trial, the District Court instructed the

4

jury that the testimony it had been told to disregard was not evidence and could not be considered.

The jury returned a verdict for Walgreens and Bilco.

After that verdict, the District Court ordered counsel for Walgreens and counsel for Bilco to submit unredacted copies of all communications relating to DeMarco's most recent inspection of the fixed ladder at the Walgreens. About two weeks after the trial, the District Court received the communications regarding the inspection and the photographs.

Those communications exposed that DeMarco's testimony and the statements by defense counsel during conference were less than forthright. One of the documents revealed that the day before trial began, counsel for Walgreens, Robert L. Sanzo, a Partner at Litchfield Cavo, emailed DeMarco to let him know he was cleared to visit the Walgreens store on the first day of trial:

> Jody – you are cleared to go to the store tomorrow afternoon. I alerted the manager that you would be there. One more important thing: Please do not tell anyone at the store exactly what you plan to do on the ladder and make sure no one is watching as you climb the ladder. That shouldn't be a problem. Thanks.

Email from Robert Sanzo to Jody DeMarco and others (May 1, 2022, 2:21 p.m.) (A710). And two days later, Attorney Sanzo wrote to Attorney Promislo, to pass along two photographs of DeMarco opening the padlock with one hand. He also indicated that he would not share those new photographs with McManus's counsel:

> Jackie – these are the two photographs taken by Jody DeMarco as he opened the subject lock with one hand. I was about to send them to [counsel for McManus] but he has not been sending us any photos in advance so I won't.

Email from Robert Sanzo to Jacqueline Promislo (May 3, 2022, 8:18 p.m.) (A718). In the first sentence of her email reply later that same day, Attorney Promislo, who had

5

previously told the District Court that she received the photos "at the same time as Plaintiff's counsel," endorsed this approach with a one-word response, "Agreed." Trial Tr. at 49:11–13 (May 9, 2022) (A644:11–13); Email from Jacqueline Promislo to Robert Sanzo (May 3, 2022, 8:32 p.m.) (A721).

Afterwards, McManus timely moved for a new trial. The District Court, although expressing extreme dissatisfaction with the conduct of defense counsel, denied that motion.

## DISCUSSION

On appeal, McManus challenges the District Court's denial of his motion for a new trial. He identifies two grounds that would justify granting the motion: misconduct by counsel, and the admission of the unstricken portions of DeMarco's testimony.

### A. The District Court Did Not Abuse Its Discretion by Denying McManus's Motion for a New Trial Based on Attorney Misconduct.

After a jury trial, a new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Those reasons include the six scenarios, identified in Rule 60(b), in which a judgment may be vacated. Fed. R. Civ. P. 60(b)(1)–(6); *see also United States v. Beggerly*, 524 U.S. 38, 46 (1998) (explaining that a new trial may be granted only where there are "'injustices which . . . are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata" (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944))). One such ground is "misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To qualify under that category, a movant must establish by clear and convincing evidence "that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983);

6

*see Brown v. Pa. R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960) ("[T]o sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing.").

The District Court had no problem identifying misconduct. Counsel for Walgreens and Bilco did not disclose information and photographs from DeMarco's inspection to McManus's counsel, and DeMarco testified on direct examination to the inspection using the photographs. In response, the District Court struck the offending evidence and issued a curative jury instruction. The jury is presumed to follow the District Court's instruction, and nothing in the record rebuts that presumption. *See Robinson v. First State Cmty. Action Agency*, 920 F.3d 182, 191 (3d Cir. 2019) ("[W]e presume that jurors follow the instructions given to them by the trial court [unless] there is an 'overwhelming probability' that the jury was unable to follow the instructions and a likelihood that the evidence wrongfully admitted was 'devastating' to the other party." (quoting *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987))). Thus, despite the seeming efforts by counsel for Walgreens and Bilco to ambush McManus at trial with DeMarco's testimony about his fourth site visit and the accompanying photographs, the District Court's curative instruction removed that information from the jury's consideration. Accordingly, the alleged misconduct did not prevent McManus from fully and fairly presenting his case, and he is not entitled to a new trial on this basis. *See Stridiron*, 698 F.2d at 206–07.

### B. The District Court Did Not Abuse Its Discretion by Striking Part, Rather Than All, of DeMarco's Testimony, and Thus It Did Not Err in Denying a New Trial on That Basis.

McManus next argues that a new trial is warranted because the District Court struck only part of DeMarco's testimony. To prevail, McManus must first establish that

7

the District Court's evidentiary ruling – allowing part of DeMarco's testimony to be considered by the jury – was an abuse of discretion. For this type of evidentiary ruling to be an abuse of discretion, the ruling must have been "arbitrary, fanciful[,] or clearly unreasonable," such that "no reasonable person would adopt the District Court's view." *Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 519 (3d Cir. 2003) (quoting *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 412 (3d Cir. 2002)). If McManus makes that first-tier showing, then a new trial may be permitted within a district court's sound discretion, unless an opposing party can establish that the error did not affect McManus's "substantial rights." Fed. R. Civ. P. 61.

McManus contends that the partial striking of DeMarco's testimony was an abuse of discretion because, to the jury, the stricken part of the testimony would eclipse the unstricken part. But the District Court's instruction broadly struck "the whole portion of the testimony" related to DeMarco's fourth visit – an instruction that excluded not only the fact of the visit but also DeMarco's observations from the visit. Trial Tr. at 55:16 (May 9, 2022) (A650:16). And in his Reply Brief, McManus concedes the effectiveness of the District Court's curative instruction: "McManus does not suggest that the jury was unable to follow the court's instructions . . . ." Reply Br. at 4–5. Without rebutting the presumption that the curative instruction was effective, McManus has not established that the District Court abused its discretion in striking only a portion of DeMarco's testimony. Nor was it an abuse of discretion, at least in the absence of an objection on cumulative grounds, *see* Fed. R. Evid. 403, to allow a portion of DeMarco's testimony to remain unstricken. As the District Court explained, that portion of the testimony was "altogether redundant" in light of the "mountains of testimony and evidence on the issue of the lock."

8

*McManus v. Walgreens Co.*, No. 21-cv-2285, Mem., ECF No. 171 (E.D. Pa. Aug. 30, 2022) (A26).

McManus also argues that by partially striking DeMarco's testimony, the District Court made it "impossible to effectively impeach DeMarco on cross-examination . . . ." Appellant's Br. 45. Specifically, McManus asserts that he could have impeached DeMarco by using other evidence to contradict the stricken portion of DeMarco's testimony. But impeachment by contradiction is available only for in-court statements,[1] and with that part of the testimony stricken, McManus could not impeach those portions of DeMarco's testimony by contradiction. Even if DeMarco could have been impeached by stricken testimony, the loss of that opportunity did not harm McManus's substantial rights considering the limited probative value of his unstricken testimony – on which he was cross-examined – as well as the abundance of other evidence supporting the jury's verdict. Accordingly, the District Court did not abuse its discretion in striking only a portion of DeMarco's testimony.

Without demonstrating that the District Court abused its discretion with respect to its evidentiary ruling or that the evidentiary ruling affected his substantial rights, McManus cannot show that the District Court abused its discretion by denying a new trial.

\* \* \*

For these reasons, we will affirm the judgment of the District Court.

---

[1] *United States v. Castillo*, 181 F.3d 1129, 1132 (9th Cir. 1999) ("[I]mpeachment by contradiction permits courts to admit extrinsic evidence that specific testimony is false, because contradicted by other evidence.").