**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1997
_____

NEIL BINDER,
                              Appellant

v.

COLDWELL BANKER REAL ESTATE LLC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:22-cv-07425)
District Judge: Honorable Madeline C. Arleo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2025

Before: KRAUSE, PHIPPS, and ROTH, Circuit Judges

(Opinion filed: April 30, 2025)
_____

OPINION[*]
_____

PER CURIAM

        Neil Binder, proceeding pro se, appeals from orders of the United States District

Court for the District of New Jersey granting the defendant's motions to dismiss, and

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

denying his request for reconsideration, in an action seeking to challenge a judgment that was entered against him in a separate action. We will affirm.

In December 2014, Coldwell Banker Real Estate Services LLC ("Coldwell Banker") brought an action against Binder and a group of entities that he controlled, alleging that they failed to pay royalty and marketing fees pursuant to franchise agreements. Following a two-day bench trial, the District Court entered judgment in favor of Coldwell Banker, concluding, in relevant part, that the defendants breached the franchise agreements.[1] Binder appealed, and we affirmed. See Coldwell Banker Real Est. LLC v. Bellmarc Grp. LLC, No. 21-2862, 2022 WL 3644183, at *1 (3d Cir. Aug. 24, 2022) (not precedential).

Binder then initiated a separate action, alleging that Coldwell Banker submitted fraudulent documents in the prior case. Coldwell Banker filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Binder's claims were barred by res judicata and collateral estoppel. The District Court agreed and granted Coldwell Banker's motion, holding that Binder's claims were precluded because a final judgment had been entered on the merits in a prior case that involved the same underlying claim and the same parties.[2] Binder filed a timely motion for reconsideration.

---

[1] During the course of the prior litigation, the District Court also rejected the defendants' counterclaims.

[2] The District Court also denied Binder's motion for recusal, but he has not challenged that portion of the decision on appeal. See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that claims were forfeited where appellant failed to raise them in opening brief).

The District Court construed that motion as being brought pursuant to Federal Rule of Civil Procedure 59(e) and denied it. Binder appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal on res judicata and collateral estoppel grounds. See Venuto v. Witco Corp., 117 F.3d 754, 758 (3d Cir. 1997); see also Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021) (stating that "[w]e exercise plenary review over a district court's grant of a motion to dismiss pursuant to [Rule] 12(b)(6)"). And we review for abuse of discretion the District Court's order denying Binder's motion for reconsideration. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

The District Court did not err in concluding that res judicata bars Binder's claims. Res judicata requires "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Davis v. Wells Fargo, 824 F.3d 333, 341-42 (3d Cir. 2016) (quoting Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991)). Notably, "[t]he doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008).

There is no dispute that the first two res judicata requirements are met: there has been a final judgment on the merits in a prior suit involving the same parties. With respect to the third requirement, the District Court accurately explained that "[a]lthough

3

[Binder's] allegations are labeled as fraud claims, [he] essentially seeks a re-trial on the same set of facts already litigated—whether he defaulted on the Franchise[] Agreements in violation of the parties' contract." In the prior suit, the parties accused each other of breaching the franchise agreements. One of the issues was whether Binder defaulted on paying royalty and marketing fees. Resolution of that issue turned in part on documents that the parties submitted, or attempted to submit, into evidence.

In the present action, Binder sought to void the judgment in the prior case based on a claim that some of the documents submitted by Coldwell Banker in the prior action were fraudulent and led the District Court to "believe[] that [one of the entities that Binder controlled] was delinquent in its obligations under a Franchise Agreement signed by the parties." Binder also asserted that the District Court in the prior proceeding improperly rejected his attempt to introduce a document titled "Tables and Graphs," which allegedly would have "revealed that [he] was in full compliance with the terms of the Franchise Agreement."[3] These allegations make clear that Binder's present suit is based on the same cause of action as the prior case Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 277 (3d Cir. 2014) (stating that "'we take a broad view of what constitutes the same cause of action' and that 'res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims'" (quoting

---

[3] We note that we considered and rejected this argument in Binder's prior appeal. See Coldwell Banker Real Est. LLC, 2022 WL 3644183, at *3 (stating that "we discern no abuse of discretion in the District Court's exclusion of a document that purported to be a summary but repeatedly failed to reference source documents and contained argument and conjecture about the future").

4

Sheridan v. NGK Metals Corp., 609 F.3d 239, 261 (3d Cir. 2010) (cleaned up)). Because all three res judicata requirements are met, the claims brought in the underlying action, which either were or could have been raised in the prior case, are precluded.

In his brief, Binder argues that res judicata is inapplicable because he sought relief pursuant to Federal Rule of Civil Procedure 60. Rule 60(b)(3) permits a litigant to obtain relief from final judgment by establishing, through clear and convincing evidence, that the opposing party engaged in fraud, misrepresentation, or misconduct, and that this misconduct prevented them from fully and fairly presenting their case. See Brown v. Pa. R.R. Co., 282 F.2d 522, 527 (3d Cir. 1960); Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983). But a Rule 60(b)(3) motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Binder's complaint in the underlying action, if construed as a Rule 60(b)(3) motion, would have been untimely because it was filed in December 2022, well over a year after the District Court entered judgment in the prior case in September 2021. In addition, Binder's unsupported allegations of fraud were insufficient to justify an independent action under Rule 60(d)(1), see Jackson v. Danberg, 656 F.3d 157, 166 (3d Cir. 2011) (explaining that the court may relieve a party from a judgment under Rule 60(d)(1) in order to "prevent a grave miscarriage of justice"), or reopening under Rule 60(d)(3), see In re Bressman, 874 F.3d 142, 150 (3d Cir. 2017) (stating that a party seeking relief under Rule 60(d)(3) must establish fraud upon the court "by clear, unequivocal and convincing evidence" (citation omitted)).

5

In sum, we conclude that the District Court properly granted Coldwell Banker's motion to dismiss on res judicata grounds. To the extent that Binder challenges the denial of his motion for reconsideration, we discern no abuse of discretion, as that motion failed to allege "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café, 176 F.3d at 677. Accordingly, we will affirm the judgment of the District Court.[4]

---

[4] Binder's motion to file a supplemental appendix is denied.